GROSS, APPELLANT, *v.* GROSS, APPELLEE.

(No. 85AP-32 — Decided September 19, 1985.)

*C. William Brownfield,* for appellant Ida Jane Gross.

*George R. Gross,* for appellee Thomas R. Gross.

McCORMAC, J. The Ohio Supreme Court, in *Gross* v. *Gross* (1984), 11 Ohio St. 3d 99, remanded this case to the trial court for further procedure after determining that the antenuptial agreement was valid and enforceable with the exception of the provision pertaining to sustenance or maintenance of the wife, which was found to be unconscionable and voidable by her. The trial court was instructed to order alternative provisions for sustenance alimony by utilizing the same factors that govern the allowance of alimony which is set forth in R.C. 3105.18.

Upon remand, the trial court found that the parties were permitted to fully present to the court evidence pertaining to all relevant factors, including those listed in R.C. 3105.18, at the time of the original trial. The court considered that evidence plus evidence of defendant's income for 1981 per stipulation of counsel.

The trial court awarded plaintiff sustenance alimony in the sum of $2,500 per month, not to be diminished or modified by what she may earn as long as her earnings are moderate. The alimony was ordered retroactive to the date of the original judgment entry with defendant to be entitled to credits against the alimony arrearage for payments made to the wife during the pendency of the appeal.

The trial court allowed evidence concerning attorney fees and held that, even though the antenuptial agreement provided that no attorney fees be allowed, maintenance of the wife can include an item for legal expenses. No attorney fees were allowed, however, as the trial court found that the substantial alimony arrearage provided a fund which plaintiff can use to apply to her attorney fees.

Plaintiff has appealed, asserting the following assignments of error:

"1. The trial court erred upon remand in refusing to consider issues pertaining to the ownership and division of property, to an award of attorneys' fees and expenses, and to the general validity of the antenuptial agreement at issue, where such issues had been timely raised as assignments of error by the plaintiff upon her first appeal, had been sustained and the cause remanded by the court of appeals, and had not been thereafter otherwise adjudicated by the Ohio Supreme Court.

"2. The trial court erred, both

upon original trial of this action and upon remand, in refusing to award plaintiff her lawful interests in the marital property of the parties, or the value thereof, pursuant to the terms of the antenuptial agreement at issue and the provisions of R.C. 3105.18.

"3. The trial court erred, both in the original trial of this divorce action and upon remand, in refusing to award plaintiff maintenance alimony in the form of attorneys' fees, costs and expenses of litigation.

"4. The trial court abused its discretion upon remand * * * in making a wholly insufficient maintenance alimony award to the plaintiff.

"5. The trial court erred upon remand * * * in refusing to award the plaintiff an automobile designated by her out of the property of the defendant, having previously determined that such automobile designation was pertinent to the remand proceedings and that the award of an automobile was proper generally.

"6. The trial court erred in refusing to consider as pertinent to the remand proceedings conducted herein the defendant's failure to have created the trust required under paragraph 15 of the antenuptial agreement, which had been assigned as error to the Franklin County Court of Appeals in the initial appeal of this action and sustained by the appellate court."

The original judgment entry of divorce of May 18, 1982 stated that the antenuptial agreement was made a part of the decree and to be enforced as such. It was also ordered that plaintiff retain as her sole and exclusive property any securities and any other properties placed in her name during the course of the marriage. Plaintiff was also awarded the personal property located in the residence with the exception of defendant's clothing, sports equipment and other personal items remaining therein. Applying the provision in the antenuptial agreement pertaining to property, plaintiff was awarded no interest in the property in defendant's name other than in regard to specific items contained in the antenuptial agreement. Hence, in the Ohio Supreme Court, the court noted that defendant at the time of divorce had property in the value of $8,000,000, which, according to the antenuptial agreement and its provisions that were valid and enforceable, was to remain his. Furthermore, the only reasonable reading of the antenuptial agreement is that defendant's property, whether owned at the time of marriage or acquired after the marriage, which was in his name at the time of divorce, was to remain his since the antenuptial agreement refers to defendant's interest in keeping the stock in the family business for his sons of his first marriage and to fluctuation of values as well as a provision that, upon his death, plaintiff will make no claim against his estate for these properties.

In any event, this issue was before the Supreme Court at the time of the appeal to the court and the court found no error in the specific application of the antenuptial agreement to the award of property.

Plaintiff's first and second assignments of error are overruled.

Plaintiff contends in her fourth assignment of error that the trial court abused its discretion in making an insufficient maintenance alimony award to her.

In remanding the case to the trial court, the Supreme Court ordered the trial court to determine the amount of sustenance or maintenance alimony to be ordered by utilizing the factors that govern the allowance of alimony which are set forth in R.C. 3105.18.

In complying with that order on remand, the trial court, in its decision, stated as follows:

"In considering the relevant factors, the plaintiff does have an earning

capacity, but the defendant's earning capacity far exceeds it because of his employment with the family held business which is certainly an important factor for consideration of sustenance alimony. Both parties are relatively young and healthy. The marriage is not of long duration, but did exist for approximately thirteen (13) years. The plaintiff is the custodian of the child who was 11 ½ years old at the time of the trial of this cause (now 14 years old). The court does not find, however, that it would be inappropriate for the plaintiff to be employed outside the home. The parties have enjoyed a relatively high standard of living. While all factors have been considered, the above stand out as important in consideration of the sustenance alimony award.

"The plaintiff is awarded the sum of $2500.00 per month, not to be diminished or modified by what plaintiff may earn, so long as her earning is moderate. The alimony ordered herein is retroactive to the date of the Judgment Entry and is in addition to the child support previously referred to. The defendant is entitled to credits against the alimony arrearage for payments made to the wife pending appeals, *Bentz* v. *Bentz* [1961,] 171 O.S. 535 [15 O.O.2d 1]."

As stated by the Ohio Supreme Court, " '[t]he term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. * * *' " *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, at 219.

The trial court did not abuse its discretion in making the sustenance alimony award that it made. The trial court examined the factors set forth by R.C. 3105.18 and applied those factors in a reasonable manner. At the time of the original trial, plaintiff submitted an exhibit indicating monthly expenses of about $3,250. Part of those expenses related to the support of a son, which was provided for separately. While there were no vacation expenses included in that exhibit and there was evidence that the parties took expensive vacations during their marriage, the trial court's order allows enough income for plaintiff to enjoy vacations reasonably consistent with her lifestyle during marriage if she supplements the sustenance alimony provided by defendant with her own earnings by the exercise of her reasonable earning potential, which the evidence showed that she has. Those earnings, if moderate, will not result in a reduction of her alimony.

Plaintiff's fourth assignment of error is overruled.

In plaintiff's third assignment of error, she contends that the trial court erred in refusing to award her maintenance alimony in the form of attorney fees, costs and expenses of litigation.

The trial court found that the antenuptial agreement, which specifically provided that attorney fees were not to be awarded in the event of divorce, was enforceable with the exception of attorney fees incurred in regard to obtaining an award for maintenance of the wife which can include an item for legal expenses. In considering an award for expenses for that item, the court noted that the alimony awarded was retroactive to the date of the trial which created a substantial arrearage for plaintiff and a sum from which she could pay the balance of her own attorney fees and expenses. Hence, he declined to make an award separate from the retroactive alimony award.

The trial court did not abuse its discretion in so ordering. There was testimony of very substantial attorney fees amounting to $60,000 or more. However, plaintiff did not prevail in many of her legal arguments. She sought to void the antenuptial agreement in its entirety and to obtain a division of property totally separate from the antenuptial agreement. The ante-

nuptial agreement was held valid and enforceable in this respect, as well as in all other respects, with the exception of the maintenance alimony to be awarded plaintiff. Hence, plaintiff prevailed in only a small percentage of her litigation. Most of the litigation was subject to the clause in the antenuptial agreement which was valid and enforceable and which prohibited her from obtaining attorney fees. Both sides incurred substantial legal expenses in regard to these matters. Defendant undoubtedly incurred substantial legal expenses in defending the portions of the antenuptial agreement which were held to be valid and enforceable. There was a substantial legal basis for defendant to insist that the alimony provision of $200 per month was also enforceable under pre-existing law. While it may have been within the trial court's discretion to allow legal fees to plaintiff in regard to the part of the litigation that related to setting aside the maintenance alimony provision in the antenuptial agreement, it was also within the discretion of the trial court to decide that, under these circumstances, it would be fair and equitable for each side to be responsible for his own legal expenses. Comparative ability to pay legal expenses is not the sole factor in exercising discretion about the award of attorney fees.

Plaintiff's third assignment of error is overruled.

In her fifth assignment of error plaintiff contends that the trial court erred in refusing to award her an automobile designated by her out of the property of defendant.

Upon remand, plaintiff sought enforcement of the original judgment (and the provision in the antenuptial agreement which was held to be valid and enforceable) that plaintiff shall be granted an automobile out of the property of defendant.

Plaintiff contends that she is entitled to a Mercedes automobile purchased by defendant after the original divorce decree was granted, as her choice of an automobile. Neither the original judgment decree nor the antenuptial agreement specified how the choice of automobile was to be made. The antenuptial agreement states, as follows, "Jane shall be entitled to the ownership of one automobile out of Thomas' property." The original judgment decree states, "It is further ORDERED, ADJUDGED and DECREED that the plaintiff shall be granted an automobile out of the property of the defendant."

The judgment decree has never been enforced since, during the appellate litigation, the primary issue was whether the property provision contained in the antenuptial agreement was enforceable at all. When the case came back to the trial court on remand, there was obviously an enforcement problem with this part of the original judgment decree. The automobiles owned by defendant in May 1982 were in likelihood either not in existence or were worth substantially less than at the time of the original judgment decree of May 18, 1982.

If the parties are unable to agree as to which automobile plaintiff was to be awarded out of the property of defendant on May 18, 1982, it is the obligation of the trial court to enforce this provision. At this time, the provision can only be equitably enforced by ascertaining the reasonable market value of each automobile owned by defendant on May 18, 1982. The court then is required to award plaintiff the reasonable market value of one of these automobiles in lieu of awarding the automobile itself to plaintiff. The selection of the automobile and its reasonable market value as of May 18, 1982 is a matter within the discretion of the trial court.

Plaintiff's fifth assignment of error is sustained to the extent that the trial court is ordered to determine and to award to plaintiff the reasonable market

value as of May 18, 1982 of one of the automobiles owned by defendant at that time and to require defendant to pay plaintiff that amount with interest from May 18, 1982.

Finally, plaintiff contends that the trial court erred in refusing to consider whether defendant has failed to create the trust required under paragraph 15 of the antenuptial agreement, as required by that agreement.

The antenuptial agreement, which is valid and enforceable in this respect, required defendant to create by will or inter vivos trust, a trust with Walter L. Gross as trustee and Jane (plaintiff) as beneficiary in a standard form to be approved by the trustee, which shall provide for a trust principal in the amount of $200,000, or twenty percent of Thomas' net estate after taxes, whichever amount is lesser.

The trial court did not consider whether defendant had complied with that provision. That provision is valid and enforceable and enforceable against the estate of Thomas (defendant) should he predecease Jane. Defendant states that he has provided for that trust by will and has submitted some evidence that he has done so. At this time, it appears that there is no clear issue before the trial court as to this matter. As stated previously, the provision is enforceable against the estate of Thomas. However, upon remand the trial court should ascertain whether defendant has complied with this provision of the antenuptial agreement and should require satisfactory proof for ascertaining that compliance.

Plaintiff's argument that a failure to comply with this provision constitutes a material breach of the antenuptial agreement and makes the antenuptial agreement unenforceable in its entirety is without merit.

Plaintiff's sixth assignment of error is sustained to the extent indicated in this opinion.

Plaintiff's first, second, third and fourth assignments of error are overruled. Plaintiff's fifth and sixth assignments of error are sustained to the extent indicated in the opinion. The judgment of the trial court is affirmed in part and reversed in part. The case is remanded to the trial court for further procedure consistent with this opinion.

*Judgment affirmed in part,
reversed in part,
and cause remanded.*

MOYER, J., concurs.

WHITESIDE, J., concurs in part and dissents in part.

WHITESIDE, J., concurring in part and dissenting in part. Although I concur in the overruling of the second assignment of error and the sustaining of the fifth and sixth assignments of error, I must respectfully dissent from the overruling of the third and fourth assignments of error and of the first assignment of error, except insofar as it presents the same issue raised by the second assignment of error.

In light of the decision of the Supreme Court in the first appeal (*Gross v. Gross* [1984], 11 Ohio St. 3d 99), the second assignment of error is not well-taken. However, the third and fourth assignments of error should be well-taken. The first assignment of error essentially encompasses the same issues as raised by the other assignments of error and should be well-taken except with respect to the issue of division of property.

At the trial prior to the first appeal, defendant admitted that his 1979 income was $252,409, and his income for 1980 was $257,001, but stated he did not know the amount of his 1981 income, but that his salary alone was $150,000. After remand following reversal upon the first appeal, defendant's 1981 in-

come tax return was stipulated as evidence, which indicates defendant's income for that year to be $359,887, including his salary of $216,539. Under the total circumstances, a sustenance alimony award of only $2,500 per month is unreasonable and unconscionable. See *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217. The sustenance alimony award is only approximately eight percent of defendant's total income and less than fourteen percent of his salary. Since the amount of the sustenance alimony will not be taxable to defendant, there is only a minimal effect upon his after-tax income, in light of this apparent high tax bracket as indicated by his 1981 tax return.

Without belaboring the point by extensive discussion of the evidence, in my view, the absolute minimum sustenance alimony award that would be reasonable and conscionable under the evidence adduced would be approximately $50,000 per year and at least $4,000 per month. Although the evidence easily would have justified a sustenance alimony award of $100,000 per year or more, there is a range of reasonableness, and a trial court does not abuse its discretion unless the amount awarded is less than the minimum or greater than the maximum that would fall within this extended range of reasonableness as demonstrated by the evidence.

Although at the original trial plaintiff did present evidence of her minimum needs as being $3,250 per month, such evidence did not take into account some expense factors commensurate with the standard of living established during the marriage and did not take into consideration the income taxes plaintiff will be required to pay upon any sustenance alimony award. Following remand, plaintiff presented an affidavit of her contention as to the amount of income needed to maintain the standard of living established during the marriage, indicating monthly expenses of $6,528

(without provision for income taxes), which affidavit the trial court refused to consider.

A sustenance alimony award of $4,000 per month, the minimum I find to be reasonable, would represent less than fourteen percent of defendant's total income and only twenty-two percent of the salary portion of his income, with a greatly lesser effect upon his after-tax income. On the other hand, such an award would (if she obtains the limited employment for which she is qualified), enable plaintiff to minimize the reduction in her standard of living from the opulent standard of living established during the marriage, one of the controlling factors set forth in R.C. 3105.18. In addition, the court should not ignore the fact that plaintiff has very limited earning ability, no prospective retirement benefits, and no expectancies or inheritances, as well as the fact that she has very limited assets, while defendant's assets approximate $8,000,000, all factors required to be considered by R.C. 3105.18.

As to attorney fees, the trial court correctly noted that an award of attorney fee expenses constitutes an award for maintenance and, thus, is within the purview of the Supreme Court mandate on remand, even though not specifically mentioned. However, the trial court refused to award attorney fees, indicating it had "considered the expense the wife had incurred in making its award of alimony." There is no explanation, however, of how plaintiff can afford to pay the more than $60,000 accumulated legal expenses from the relatively meager award of $2,500 per month, the amount of the legal fees representing more than two years' of the total pre-tax amount of sustenance alimony awarded. Had the trial court awarded sustenance alimony of $100,000 per year, then, perhaps, it would have been reasonable to make no award for legal expense. However,

under the circumstances involved, and the less than reasonable sustenance alimony award, it is unreasonable and unconscionable for the trial court to make no award for legal expenses. Nor is such action justified by reference to the so-called retroactive effect of the alimony award to the date of the divorce decree. In the interim, plaintiff has had to find means of support, and there is evidence that she was required to sell some of her comparably small amount of assets in order to support herself.

Although the amounts involved..in this case are large, an award of sustenance alimony and legal expenses must be considered in light of the assets and earning abilities of the parties, and their opulent standard of living, not by that which would be reasonable in the average case or one involving persons moderately affluent.

Accordingly, I would sustain the third and fourth assignments of error and remand the cause to the trial court for redetermination.