## Gross v. Gross
*[Cite as 4 AOA 413]*

*Case No. 89AP-768*
*Franklin County, (10th)*
*Decided June 14, 1990*

*Jeffrey A. Grossman Co., L.P.A., and Mr. Jeffrey A. Grossman, for Appellee.*

*Mr. George W. Gross, for Appellant.*

*Ms. Brenda B. Alleman, for Amicus Curiae Ohio National Organization for Women.*

McCORMAC, J.
Defendant-appellant, Thomas R. Gross, appeals from the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, awarding an increase in sustenance alimony to plaintiff-appellee, Ida Jane Gross, and raises the following assignments of error:

"I. The court erred in adopting without exception the report of the referee filed herein.

"II. The court erred in increasing the alimony because the original alimony order was inadequate to meet plaintiff's pre-divorce standard of living.

"III. The court erred when it applied the wrong principal applicable to an increase in alimony.

"IV. The court erred in ignoring this honorable court's decision decided on September 19, 1985, as to the question of increased alimony.

"V. The court erred when it awarded attorney fees to the plaintiff."

Prior to their September 1968 marriage, an antenuptial agreement was executed by the parties. The agreement addressed the division of property and provided that the wife would receive alimony in the amount of $200 per month. Some fourteen years after their marriage, the parties were divorced. The trial court held that the antenuptial agreement was valid and entered judgment accordingly. On appeal, this court struck down the antenuptial agreement and further appeal was taken to the Supreme Court. The Supreme Court in *Gross* v. *Gross* (1984), 11 Ohio St. 3d 99, upheld the general validity of antenuptial agreements but specifically held that the alimony awarded was unconscionable at the time of the divorce and remanded the case to the trial court to enter an appropriate alimony award.

Upon remand, the trial court, considering all factors enumerated in R.C. 3105.18(B), granted alimony to appellee in the amount of $2,500 per month. At the time of the original trial, appellant's gross income was about $250,000 per year. Appellee submitted a list of expenses including those associated with the sole minor child of the parties, totalling about $3,200 per month. On the remand, appellee sought to introduce a revised monthly expense exhibit showing $6,528 in total monthly outlays which exhibit was deemed inadmissible by the trial court. The trial court's evidentiary ruling was not appealed. The alimony award was appealed to this court. We affirmed, holding that the trial court did not abuse its discretion in setting the $2,500 per month alimony award.

On November 9, 1988, appellee filed a motion to increase alimony on the basis that appellant's income had increased to about $3.2 million a year and, as such, appellant could now afford an alimony amount which would sustain appellee at her predivorce standard of living. The motion did not concern child support. Appellee stated that appellant is very generous in paying child support and that some of the additional funds voluntarily paid by appellant for child support relieves her of the obligation to pay money for child support matters.

The matter was heard by a referee who concluded that appellee's alimony should be increased to $4,500 per month and that appellee should be awarded $3,000 in reasonable attorney fees. The trial court adopted the referee's finding and entered judgment accordingly.

Appellant's first four assignments of error are interrelated and will be discussed together. These assignments of error all address matters pertaining to the propriety of the increase in monthly alimony.

R.C. 3105.18(C) provides that an original alimony award may only be modified upon a showing of changed circumstances. If the movant has adequately shown changed circumstances, the trial court may look to R.C. 3105.18(B) for guidance in modifying the award. *Leighner* v. *Leighner* (1986), 33 Ohio App. 3d 214. Appellee successfully argued in the trial court that appellant's increase of income from $250,000 to $3,200,000 per year constituted a substantial change in circumstances and that R.C. 3105.18(B)(7) provided a justification for an increase in alimony. R.C. 3105.18(B)(7) states that when awarding alimony the court should consider the standard of living established by the parties during the marriage. Appellee argued that appellant's increase in income now allows him to take alimony payments that will maintain appellee at the standard of living reached during the marriage.

In *Leighner*, this court stated:

"* * * [O]rdinarily, the alimony recipient will not be entitled to share in the increased earnings of the alimony obligor, except to the extent that these increased earnings now enable the obligor to pay a share which will support a reasonable predivorce standard of living for the alimony recipient. * * *" *Id.* at 216.

Therefore, the general rule is that an increase in the obligor's income alone will not suffice as a change in circumstances sufficient to allow an increase in periodic alimony payments. The exception to this rule is that an increase in income may justify an increase in alimony if the obligor's income was insufficient at the time of the original decree to support the recipient at the standard of living maintained during the marriage and the increase in income will now allow this level to be reached.

Clearly, at the time of the original decree, appellant was financially able to assume a greater alimony payment. The $30,000 annual alimony obligation represented only twelve percent of appellant's annual salary. The very argument that appellee now advances was rejected by this court

when the original remand action was appealed. The dissenting judge in *Gross* v. *Gross* (1985), 23 Ohio App. 3d 172, was of the opinion that appellant herein could easily afford an annual alimony obligation of $50,000 to $100,000. However, the majority of the court concluded that a $2,500 per month award was reasonable in light of the standard set forth in R.C. 3105.18(B).

When an issue has been litigated to finality, any party privy to the original action is estopped from relitigating the issue. As the Supreme Court has stated:

"The modern view of *res judicata* embraces the doctrine of collateral estoppel, which basically states that if an issue of fact or law actually is litigated and determined by a valid and final judgment, such determination being essential to that judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim. * * *" [Citations omitted.] *Hicks* v. *De La Cruz* (1977), 52 Ohio St. 2d 71, at 75.

At the time of the original alimony award, the trial court had before it appellee's list of monthly expenses and appellant's tax returns evidencing his current income. The trial court reviewed all of the evidence in light of the factors listed in R.C. 3105.18(B) and concluded that $2,500 a month was a just and proper alimony award. That judgment was affirmed by this court. Appellant could have afforded more at the time but $2,500 was determined proper by two different courts. As such, the amount necessary to maintain appellee's predivorce standard of living, a factor essential to a determination of the proper alimony amount, was previously litigated and appellee is collaterally estopped from relitigating that issue.

Appellee also advances the argument that, even though her monthly expenses had not changed, these expenses were grossly understated in her original expense estimate because appellant had controlled all of the family financial affairs during the marriage and appellee had no way of knowing what amount it would take to maintain her predivorce standard of living. Appellee claims that this misstatement was the result of a lack of discovery, but advances no reason why discovery was not completed. Furthermore, appellee did not assign as error the trial court's ruling excluding her revised expense estimate in the prior appeal of the remand proceedings. Appellee is, therefore, estopped from asserting that argument now.

Under the circumstances herein, an increase in income constitutes a change in circumstances only when the increase allows an obligor to afford a higher alimony payment in accordance with R.C. 3105.18(B) than the obligor could have afforded at the time of the original decree. Absent a change in circumstances, the alimony recipient is collaterally estopped from relitigating the alimony award based upon the obligor's increased income and capacity to pay. Therefore, the trial court abused its discretion in ordering an increase in sustenance alimony based upon appellant's increase of income.

Appellee also argues that there were increases in her expenses since 1985, caused by inflation or other factors, including a realization of what those expenses really amounted to, that justify and a finding of additional alimony to maintain her predivorce standard of living. However, a fair review of the transcript indicates no proof or even a substantial argument that there were substantial inflationary increases but, instead, the main contention was that Judge Rose erroneously set her alimony at too low a figure in 1985 and that her attorney failed to correctly state her expenses at that time. As previously discussed, the proper amount to maintain her predivorce standard of living was established and cannot be collaterally attacked. Since appellee failed to establish a substantial increase in that previously declared standard, the trial court abused its discretion in allowing additional alimony based upon appellant's additional income or a "previous mistake" by the court or appellee's attorney.

Appellant's first, second, third and fourth assignments of error are sustained.

By his fifth assignment of error, appellant argues that the trial court abused its discretion in awarding $3,000 in attorney fees to appellee.

R.C. 3105.18 and Civ. R. 75 authorize the trial court to award or modify alimony. The alimony award may include a reasonable allowance for attorney fees. *Cassaro* v. *Cassaro* (1976), 50 Ohio App. 2d 368. The decision to allow attorney fees to either party is within the sound discretion of the trial court and will not be overturned absent an abuse of discretion. *Rand* v. *Rand* (1985), 18 Ohio St. 3d 356.

Having concluded that it was error to award an increase in alimony, there no longer exists a basis for the award of attorney fees. Attorney fees are but a part of the larger award of alimony. Removing the alimony necessitates a reversal of the award of attorney fees. See *Cassaro, supra*. This is not to say that attorney fees are only to be awarded to prevailing party as is generally true in civil actions. The award should still be based upon the relative need of the two parties. However, attorney fees may not be awarded to a completely

unsuccessful litigant. Thus, the trial court abused its discretion by awarding attorney fees to appellee.

Appellant's fifth assignment of error is sustained.

Appellant's assignments of error are sustained. The judgment of the trial court is reversed and the case is remanded for further procedure consistent with this opinion.

*Judgment reversed and*
*cause remanded.*

McKINLEY, J., concurs.
WHITESIDE. J., dissents.

McKINLEY, J., of the Union County Common Pleas Court, sitting by assignment in the Tenth Appellate District.

WHITESIDE J., dissenting.

Finding that the judgment of the trial court should be affirmed rather than reversed, I must respectfully dissent from the majority opinion.

This case has had an unfortunate history, compounding the situation which is now before us. However, in light of the evidence adduced in the trial court which fully supports the decision of that court, it is inappropriate for this court to substitute its judgment, as to the factual findings, for that of the trial court and render a different conclusion. The trial court made a factual finding of change of circumstances, which is fully supported by the evidence.

All parties agree that the mere fact that appellant, Thomas Gross, has enjoyed a substantial increase in income does not constitute a change of circumstances. Contrary to the statement in the majority opinion, the trial court did not find that appellant's substantial increase in income constitutes a substantial change in circumstances. Appellee has repeatedly stated through counsel that she agrees with the general rule that an increase in the obligor's income alone does not suffice as a change of circumstances so as to allow an increase in periodic alimony payments.

Although there are some comments in the trial court's opinion adopting the referee's report alluding to the substantial increase in income, it is further clarified by the statement that:

"* * * [O]rdinarily, the alimony recipient will not be entitled to share in the increased earnings of the alimony obligor, except to the extent that these increased earnings now enable the obligor to pay a share which will support a reasonable pre-divorce standard of living for the alimony recipi-

ent. * * *" *Leighner* v. *Leighner* (1986), 33 Ohio App. 3d 214.

What the trial court did state is that "[a] careful review of the record reveals that Plaintiff's current standard of living is well below that which she enjoyed during the marriage," and proceeded to make an award "sufficient to provide Plaintiff with a reasonable pre-divorce standard of living." The substantial increase in appellant's earnings was only one of several factors bearing upon the change-of-circumstances issue.

The referee also referred to plaintiff's exhibit F, which compares the reductions in standard of living that appellee has been forced to make over the years because of inadequate income to meet her needs to maintain her standard of living. Even by continually reducing her standard of living, appellee still has been forced to utilize her limited savings and other funds in order to meet living expenses. Also in evidence was defendant's exhibit 2, defendant's exhibit 4 and plaintiff's exhibits G, H, and I.

Defendant's exhibit 2 was originally plaintiff's exhibit 11 and was the predicate for the original trial court award of $2,500 per month alimony and the affirmance thereof by this court. Such exhibit shows appellee's average monthly expenses to be $3,256.15. This was the express basis for the original trial court award of $2,500 per month alimony and the affirmance thereof by this court in *Gross* v. *Gross* (1985), 23 Ohio App. 3d 172, wherein it is stated in the majority opinion at 174:

"The trial court did not abuse its discretion in making the sustenance alimony award that it made. * * * At the time of the original trial, plaintiff submitted an exhibit indicating monthly expenses of about $3,250. Part of those expenses related to the support of a son, which was provided for separately. While there were no vacation expenses included in that exhibit and there was evidence that the parties took expensive vacation during their marriage, the trial court's order allows enough income for plaintiff to enjoy vacations reasonably consistent with her lifestyle during marriage if she supplements the sustenance alimony provided by defendant with her own earnings by the exercise of her reasonable earning potential, which the evidence showed that she has. Those earnings, if moderate, will not result in a reduction of her alimony."

Defendant's exhibit 4 was a list of appellee's current needs for expenses and totals $4,929.70 per month. Although appellant at trial attempted to deduct certain items from such exhibit, a com-

parison of defendant's exhibit 4 with defendant's exhibit 2 shows a substantial change of circumstances. Defendant's exhibit 2 (the original predicate for alimony) includes at least $600 in expenses which are not provided for in defendant's exhibit 4 (the current monthly expense estimate), including the funds for support of the parties' son alluded to by this court in the prior opinion. An example of the change of circumstances and reduction in standard of living is the elimination of the expense of $212 per month for cleaning help, which was included on defendant's exhibit 2 but is not included on defendant's exhibit 4, which appears to be identical to plaintiff's exhibit G. In short, these two exhibits of appellant alone demonstrate that there has been a substantial change in the circumstances predicated upon appellee's needs. If plaintiff's exhibit F and exhibit I are also considered, there is ample support for the trial court's conclusion that a change of circumstances has occurred, especially when coupled with appellant's substantial increase in income.

Plaintiff's exhibits H and I both indicate that, in order to maintain the standard of living that she enjoyed during the marriage, appellee would need an after-tax income of approximately $6,500 per month. This evidence was not adduced before the trial court at the original trial. However, upon remand from the Supreme Court, it was proffered but not considered by the trial court. Even that amount does not include payment for automobiles or income taxes. The dissent from the original alimony award following remand from the Supreme Court was predicated primarily upon the trial court's refusal to consider evidence of the amount it would take to maintain the standard of living established during the marriage because such evidence had not been presented during the original trial.

Appellee's testimony that there had been no dramatic change was with respect to the amount needed to maintain the standard of living established during the marriage, but not with respect to the amount necessary to meet her day-to-day expenses. In other words, the original trial court finding, as affirmed by this court upon appeal, was that appellee's needs could be met by an expenditure of $3,250 per month in after-tax dollars. There is evidence that now it would take $4,900 per month to meet her necessary expenses, and that she has supplemented her income by disposing of her assets in order to meet her day-to-day living expenses. There was ample evidence of change of circumstances and evidence to support that trial court increase in alimony to $4,500 per month.

Finding no abuse of discretion on the part of the trial court, whose evidence is fully supported by competent credible evidence, I would overrule the assignments of error and affirm the judgment.