Defendant-appellant, Dorvis Holder, appeals a Butler County Court of Common Pleas, Domestic Relations Division decision to grant a motion by plaintiff-appellee, Phyllis Holder ("Holder"), to increase spousal support. We affirm.
On December 21, 1957, the parties were married. On May 1, 1991, Holder filed for divorce. At the time of the divorce, Holder was unemployed, had an eighth grade education, and was diagnosed with Melanoma, a form of cancer. By judgment entry September 23, 1992, the trial court granted the divorce, and divided the marital property. In addition, the trial court ordered appellant to pay $150 a week in spousal support,[1] the cost of Cobra coverage for Holder's health insurance for thirty-six months, and $49,000 to Holder to offset the difference in the property division.
On March 26, 1998, Holder filed a motion to increase her spousal support claiming a substantial change of circumstances. On June 1, 1998, appellant filed a motion to reduce or terminate spousal support claiming a substantial reduction in his earning capacity.
On July 27, 1998, a hearing was held to consider the motions. At the hearing, Holder testified that since the divorce (1) she has been unable to find employment above minimum wage; (2) she has been denied social security disability; (3) her cancer deteriorated; (3) she developed high blood pressure, and Lorazepam, a nerve problem; (4) she no longer has health insurance; and (5) her medical costs have increased. After the divorce, Holder's mother gave Holder thirty-four acres of land known as 51 Old Tucker Road. Holder took out a mortgage on 51 Old Tucker Road, however, the property does not produce any income. Holder's boyfriend sometimes stays at 51 Old Tucker Road, and in exchange he maintains the land. Further, Holder has a pension from her previous employer, but if she elects to withdraw from it now, she will receive a lower amount of money than she would if she waits until she reaches the age of sixty-five.[2] Finally, Holder testified that her monthly expenses greatly exceeded her sole source of support, which is the spousal support she receives from appellant.
In addition, Holder introduced undisputed evidence that appellant's yearly income had steadily increased since the divorce. In 1992, appellant earned, $46,834.60; in 1993, $62,453.38; in 1994, $89,516.87; in 1995, $98,828.92; in 1996, $82,512.83; in 1997, $77,369.42; and as of March 29, 1998, appellant earned $31,167. Appellant testified that his income increased as the result of the overtime he worked.[3]
At the hearing, the trial court stated that she was granting Holder's motion to increase spousal support as a result of the 'great difference' in appellant's earnings since the divorce. By judgment entry, July 30, 1998, the trial court denied appellant's motion and ordered appellant to pay an additional $50 a week in spousal support. Appellant filed a timely appeal and asserts one assignment of error:
 THE COURT ERRED IN INCREASING SPOUSAL SUPPORT AND IN NOT TERMINATING SPOUSAL SUPPORT.
In his sole assignment of error, appellant argues that the trial court abused its discretion when it increased his obligation to pay spousal support which was based solely upon appellant's increased earnings. We disagree.
A trial court may re-examine a pre-existing spousal support order if it finds that there has been a change in circumstances between the partes.[4] Leighner v. Leighner (1986), 33 Ohio App.3d 214. This change must be substantial and not contemplated at the time of the divorce. Id. at 215. After a finding of a substantial change of circumstances, a trial court must next determine if spousal support is still necessary and reasonable.Id.; Harris v. Harris (Mar. 28, 1994), Clermont App. No. CA93-07-048, unreported. This determination is guided by factors set out in R.C. 3105.18-(C).[5] Shaw v. Shaw (Sept. 30, 1996), Fayette App. No. CA96-05-013, unreported, at 3. Such factors encompass those "in which the economic situation of either or both parties had drastically changed * * * and includes, but is not limited to any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." Shaw, Fayette App. No. CA96-05-013, unreported, at 3-5, citing R.C. 3105.18(F). Further, it is not necessary for the trial court to list every factor and comment on it. Alder v. Alder (1995), 105 Ohio App.3d 524,526.
While an increase in the obligor-spouse's earnings is a factor, it alone will not constitute a change in circumstances.Gross v. Gross (1990), 64 Ohio App.3d 815, 819. As a result, an obligee-spouse is not automatically entitled to additional spousal support simply because the obligor-spouse's income increased. Id. This assumption can be overcome if it is determined, at the time of the divorce, that the original award of spousal support was inadequate to maintain the pre-divorce standard of living. Id. If the divorce decree is silent as to such a finding, then a trial court must look at the obligor-spouse's income, ability to pay, and the amount of spousal support awarded at the time of divorce. See Id. If it is determined that the obligor-spouse could have paid more in spousal support, but the trial court did not order more, then it is sufficient to hold that such support must have been adequate to meet the obligee-spouse's pre-divorce standard of living. Id. Therefore, the obligee-spouse is collaterally estopped from relitigating the issue of spousal support that was already litigated and determined to be a valid and final judgment. Id.
The trial court has broad discretion in modifying a spousal support award. Wiggins v. Wiggins (Sept. 27, 1993), Warren App. No. CA92-12-110, unreported. Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. Absent a finding that the trial court abused its discretion in finding a substantial change in circumstances and the modification of spousal support was reasonable and necessary, its ruling will not be disturbed on appeal.
In the present case, the trial court increased Holder's spousal support based on appellant's increased earnings. It is evident from the foregoing that the trial court cannot increase spousal support based on a spouse's increased earnings unless there is a finding that the original support was inadequate in maintaining the pre-divorce standard of living. The record reflects that at the time of the divorce appellant earned $46,834.60, had a mortgage of approximately $18,000 and was ordered to pay $6,000 in spousal support. We find that by comparing appellant's income and debts the trial court in the divorce action could have, but did not order more in spousal support payments. Therefore, we find that the original spousal support adequately provided for Holder's pre-divorce standard of living. Accordingly, the trial court erred in stating that it relied on appellant's increased income as the sole basis to increase Holder's spousal support. However, the record reflects that since the divorce, Holder no longer has medical coverage, cannot afford health insurance, her cancer has deteriorated, and she developed other health problems. Since a change in health and additional expenses are factors which the trial court must consider, we find that these are sufficient facts which warrant a finding of a substantial change of Holder's circumstances.
The trial court reviewed Holder's expenses and her ability to obtain additional income. The trial court found that while Holder only has an eighth grade education, she could find employment that would supplement her income, and that 51 Old Tucker Road should produce some income or be sold. Based on these observations, we find that the trial court considered other avenues of viable support for Holder and still found her in need of an additional $50 a week. We find no abuse of the trial court's discretion. Accordingly, appellant's sole assignment of error is overruled.
Judgment affirmed.
WALSH and VALEN, JJ., concur.
[1] The trial court reserved jurisdiction to modify spousal support.
[2] As of July 30, 1998, Holder was fifty-six years old.
[3] Appellant testified that he needed to work overtime to pay off his high mortgage. After the parties were divorced, appellant refinanced his house for $70,000 in order to pay Holder the $49,000. However, at the time of the divorce there was an outstanding mortgage of approximately $18,000.
[4] This assumes that the court has reserved jurisdiction as was done in this case.
[5] The factors listed in R.C. 3105.18(C) include: "(a) the income of the parties * * *; (b) the relative earning abilities of the parties; (c) the ages, and the physical, mental, and emotional conditions of the parties; (d) the retirement benefits of the parties; * * * (h) the relative extent of education of the parties; (i) the relative assets and liabilities of the parties; * * * [and] (n) any other factor that the court expressly finds to be relevant and equitable."