OPINION
In this accelerated calendar case, plaintiff-appellant, Kary D. McClain, appeals a judgment by the Portage County Court of Common Pleas, Domestic Relations Division, overruling appellant's objections to the report and recommendations of the magistrate, which granted a motion to increase spousal support filed by defendant-appellee, Elizabeth A. McClain, and denied a motion to reduce or terminate spousal support filed by Mr. McClain. Mr. McClain also appeals the trial court's decision to deny his Civ.R. 53 motion to present additional evidence at the hearing on objections to the magistrate's decision.
The parties were married on September 21, 1968. They had two children: Stephen, born December 10, 1969, and Lisa, born September 25, 1972. After approximately sixteen years of marriage, the parties were granted a decree of divorce on October 11, 1984. Some time before the end of the marriage, Mrs. McClain was diagnosed with multiple sclerosis. At the time of the divorce decree, Mrs. McClain was able to work and the trial court did not award spousal support; however, the trial court reserved jurisdiction to award spousal support in the future based upon the prognosis that Mrs. McClain would become totally disabled and unable to work once her multiple sclerosis reached a more advanced stage.
On April 22, 1988, appellee, now totally disabled and unable to work, filed a motion for spousal support. On June 6, 1988, a magistrate heard the motion and found that (1) Mrs. McClain was totally disabled and was receiving Social Security disability benefits of $299 per month; (2) Mrs. McClain was to receive $13,000 from Mr. McClain's retirement plan within 60 days; (3) Mrs. McClain had monthly expenses of $895; (4) Mr. McClain's income was approximately $35,300 per year and his monthly expenses were $2614 per month. Based upon these findings, the magistrate recommended that spousal support be set at $55 per week, plus poundage, until "such time as [appellee] remarries, cohabits, dies, or further Order of this Court." Mrs. McClain filed an objection to the magistrate's report and recommendation, but the trial court overruled the objection and adopted the magistrate's report and recommendation without conducting another hearing.
On May 20, 1996, appellee filed a motion to modify spousal support. On February 27, 1997, a magistrate heard the motion and found that (1) Mrs. McClain is still competely disabled and currently receives Social Security disability of $408 per month; (2) Mrs. McClain lives with her adult son and his girlfriend, who share household expenses, and her current personal expenses are approximately $990 per month; and (3) Mr. McClain's average gross income for the past three years was $58,370 and his personal expenses are approximately $2,200 per month. Based upon these findings, the magistrate recommended that appellant's spousal support obligation be increased to $90 per week, effective July 1, 1996.
Appellant filed objections to the magistrate's report and decision and made a motion pursuant to Civ.R. 53 asking the trial court to consider additional evidence before ruling on appellant's objections. In appellant's objections, he disputed the magistrate's finding that a substantial change in circumstances warranted an increase in spousal support. Appellant also disputed the magistrate's finding that spousal support should not be reduced or terminated. At the hearing, the trial court would not allow appellant to present additional evidence. The trial court overruled appellant's objections on October 21, 1997, thereby adopting the magistrate's report and decision increasing appellee's spousal support to $90 per week.
Appellant makes the following assignments of error:
 "[1.] The trial court erred to the prejudice of appellant in granting appellee's motion to increase spousal support.
 "[2.] The trial court erred to the prejudice of appellant in denying appellant's motion to decrease or terminate spousal support.
 "[3.] The trial court erred to the prejudice of appellant in denying appellant's Civil Rule 53 motion to permit additional evidence at the hearing upon objections to the Magistrate's decision."
In his first assignment of error, appellant contends that the trial court erred by overruling his objection to the magistrate's decision granting appellee's motion to increase spousal support. A modification of spousal support is appropriate only if there is a substantial change in circumstances. Carnahan v. Carnahan
(1997), 118 Ohio App.3d 393, 397, 692 N.E.2d 1086; Leighner v.Leighner (1986), 33 Ohio App.3d 214, 215, 515 N.E.2d 625. Appellant claims appellee did not demonstrate a substantial change in circumstances because appellee is still totally disabled and unable to work, and her expenses exceed her income by $14 less than they did in 1988, the time of the original spousal support order.
This court will not disturb the findings of the trial court unless the trial court abused its discretion by adopting the magistrate's recommendation to increase the spousal support award.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 218,450 N.E.2d 1140. An abuse of discretion is more than a mere error of law; "it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Id. at 219.
In 1988, when the trial court first awarded spousal support to Mrs. McClain, the trial court made the following findings: Mr. McClain's income was $35,300 per year, and his monthly expenses were approximately $2600; Mrs. McClain's only source of income was Social Security disability in the amount of $299, and her expenses totaled $895 per month; and Mrs. McClain was to receive $13,000 from Mr. McClain's pension. Based upon these findings, the trial court adopted the magistrate's recommendation awarding spousal support in the amount of $55 per week. Even after the award of spousal support, appellee did not have enough money to pay all of her monthly expenses.
A trial court awards spousal support in order to provide for the financial needs of an ex-spouse. Thomas v. Thomas (1991),76 Ohio App.3d 482, 485, 602 N.E.2d 385. These financial needs are determined by looking at the standard of living established during the marriage, not necessarily the bare minimum for survival.Leighner, 33 Ohio App. at 216. However, in deciding the amount of spousal support to award, the trial court must compare the obligor's ability to pay with the obligee's need for support.Smedley v. Smedley (Sept. 27, 1995), Montgomery App. No. 15017, unreported. A review of the record does not indicate that appellee maintained a lavish lifestyle, nor does it indicate that the McClains lived at a financial deficit during their marriage. Spousal support should have been set so that appellee could pay her monthly expenses; however, based upon his 1988 income of $35,300, appellant was not able to support his ex-spouse at her pre-divorce level.
In 1996, when appellee moved to modify spousal support, her circumstances were roughly the same as they were in 1988. However, the trial court had ample evidence to determine that appellant's circumstances had changed substantially. Appellant's income at the time of the hearing was approximately $58,000 per year, as opposed to his 1988 income of $35,300. Appellant asserts that his ex-spouse should not be allowed to benefit from his increased income. An increase in the spousal support obligor's income does not automatically translate into an increase in the support order. However, when the obligor's income was initially insufficient to support the obligee at the pre-divorce standard of living, the obligee is entitled to an increase in spousal support corresponding to the obligor's increased income. Gross v. Gross
(1990), 64 Ohio App.3d 815, 819, 582 N.E.2d 1144. This is the situation in the instant case; thus, the trial court did not abuse its discretion. Appellant's increased income can be considered a substantial change in circumstances warranting an increase in appellee's spousal support.
Appellant also contends that the trial court abused its discretion by concluding that appellee's financial circumstances had changed from the time of the initial spousal support order because appellee was supposed to receive $13,000 from appellant's pension plan in 1988. Appellant states that appellee presented no evidence that she actually received the $13,000 payment. Therefore, appellant contends, the trial court should not have found that appellee had more money in 1988 than she did in 1996, and consequently that appellee was entitled to an increase in spousal support because she no longer had this money in her possession.
The record contains no evidence that the trial court considered the pension payment allegedly made to appellee in 1988 as a factor in its decision to increase spousal support. Appellant's increased income alone is sufficient to support the conclusion that the trial court did not abuse its discretion by deciding to increase appellee's spousal support. Appellant's first assignment of error has no merit.
In his second assignment of error, appellant alleges that the trial court erred by overruling his objection to the magistrate's decision denying his motion to reduce or terminate spousal support. The 1988 spousal support award states that spousal support should continue "until such time as [appellee] remarries, cohabits, dies, or further Order of this Court." Appellant contends that spousal support should be terminated because appellee is "cohabiting" with her adult son and his girlfriend. In the alternative, appellant contends that spousal support should be reduced because appellee is contributing to the support of others by not requiring that her son's girlfriend pay one third of the household expenses. Although appellee testified that her adult son and his girlfriend moved into her house and they pay half of the mortgage payment and half of the utility bills, the trial court refused to find that appellee was "cohabiting" or contributing to the support of others. Appellant contends that this finding was an abuse of discretion.
Whether a particular living arrangement falls within the scope of the lifestyle known as "cohabitation" is a question of fact to be determined by the trial court. Dickerson v. Dickerson
(1993), 87 Ohio App.3d 848, 850, 623 N.E.2d 237. This court will not disturb the trial court's finding absent an abuse of discretion. Blakemore, supra, 5 Ohio St.3d 217, 450 N.E.2d 1140.
Sharing expenses with family members is not what is usually thought of as cohabitation. "Cohabitation * * * usually will be manifested by a man and woman living together in the same household and behaving as would a husband and wife." Fuller v.Fuller (1983), 10 Ohio App.3d 253, 461 N.E.2d 1348, paragraph two of the syllabus. In determining whether individuals are cohabiting, an important factor to consider is whether the couple has "assumed obligations equivalent to those arising from a ceremonial marriage." Taylor v. Taylor (1983), 11 Ohio App.3d 279,280, 465 N.E.2d 476. The trial court did not abuse its discretion by failing to find that appellee is "cohabiting" with her adult son and his girlfriend.
Appellant's contention that appellee's spousal support should be reduced because she is contributing to the support of others by not requiring that her son's girlfriend pay one third of the household expenses lacks merit. Spousal support should be reduced when the ex-spouse receiving spousal support uses those payments to support a non-relative member of the opposite sex. Perri v.Perri (1992), 79 Ohio App.3d 845, 848, 608 N.E.2d 790. This is not the situation in the instant case. That appellee's son and girlfriend are paying one half of the household expenses and appellee is paying the remaining half is not persuasive evidence that appellee is contributing to the support of the girlfriend. A more accurate statement would be that appellee's son is supporting his girlfriend. The trial court did not abuse its discretion by failing to find that appellee is contributing to the support of others. Appellant's second assignment of error has no merit.
In appellant's third assignment of error, he alleges that the trial court abused its discretion by refusing to hear additional evidence upon objections and in refusing to let him demonstrate that he could not have produced that evidence before the magistrate.
On October 8, 1997, appellant filed a Civ.R. 53 motion to consider additional evidence. Before the trial court ruled on appellant's objections to the magistrate's decision, appellant wanted the trial court to consider the following evidence: (1) Stephen McClain's deposition testimony that appellee had given him a check for nearly $6,000 just prior to her motion to modify spousal support and that he returned the check to her after the issuance of the magistrate's decision; and (2) appellee had owned two life insurance policies with cash surrender values in excess of $3,000 and had given them away before the hearing on her motion to increase spousal support. At the hearing on appellant's objections to the magistrate's decision, the trial court denied appellant's Civ.R. 53 motion to present additional evidence. Civ.R. 53(E)(4)(b) provides that the court "may refuse to consider additional evidence proferred upon objections unless the objecting party demonstrates that with reasonable diligence the party could not have produced that evidence for the magistrate's consideration." While the trial court has the discretion to refuse to consider additional evidence, the trial court must first give the offering party an opportunity to demonstrate that such evidence could not have been produced before the magistrate. In this case, the trial court abused its discretion because it did not give appellant an opportunity to show that the additional evidence could not have been presented to the magistrate.
However, even if the trial court had considered appellant's additional evidence before ruling on his objections to the magistrate's decision, this court cannot say that it would have made a difference in the trial court's ruling. According to R.C.3105.18(C)(1), spousal support determinations should be guided by the following factors: the income of the parties, the earning abilitities of the parties, the parties' retirement benefits, the duration of the marriage, the appropriateness of the parties to seek employment outside the home, the marital standard of living, the education of the parties, the assets and liabilities of the parties, the contribution of either party to the other's education, the cost of education of the party seeking support, the lost income that results from the parties' marital responsibilites, and any other factor the court deems relevant.Griffith v. Griffith (June 17, 1994), Geauga App. No. 93-G-1778, unreported.
The assets of the parties is only one factor to be considered in determining the amount of spousal support. Even if appellee had assets of $9,100, rather than the $100 she reported, the trial court could have properly reached the same award given the totality of the circumstances in this case. Having additional assets of $9,000 does not make a substantial difference in appellee's financial circumstances considering that she is totally disabled and unable to work. Thus, the trial court's abuse of discretion was
harmless error. Appellant's third assignment of error has no merit.
Based on the foregoing, the judgment of the trial court is affirmed.
 __________________________________________ JUDGE ROBERT A. NADER
CHRISTLEY, P.J., O'NEILL, J., concur.