OPINION
This appeal emanates from the Portage County Court of Common Pleas, Domestic Relations Division. Appellant, Wayne D. Davis, appeals the judgment entry modifying his spousal support obligation.
Appellant and appellee, Bonnie L. Davis, were married on August 8, 1968. Two children, who are both emancipated, were born as issue of the marriage. On June 27, 1997, appellee filed for divorce on the grounds of gross neglect of duty, mental cruelty, and incompatibility. On that same date, appellee filed a motion for temporary spousal support and exclusive residency in the marital residence. On August 19, 1997, the magistrate awarded appellee exclusive occupancy of the marital residence. On October 16, 1997, appellee filed a "Motion for Temporary Spousal Support and Payment of Marital Debts," resulting in the magistrate requiring appellant to pay $500 per month. On January 13, 1998, as part of the divorce decree, the trial court awarded appellee $900 per month in spousal support for seventy-two consecutive months and ordered that appellant "shall be responsible for the City Loan debt."
On January 26, 1998, appellant filed a Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court, Northern District of Ohio and discharged certain debts, including the City Loan debt. As a result, City Loan sought payment from appellee. Consequently, on June 5, 1998, appellee filed a motion to cite appellant for contempt and modify spousal support since he did not pay his portion of the marital debt, the City Loan debt. Appellant submitted a motion to dismiss appellee's motion to cite him for contempt because appellee failed to comply with R.C. 2705.031 and R.C. 3105.18(E). Appellee moved to amend her motion to cite appellant for contempt, which was granted. On August 11, 1998, appellee amended her motion to cite appellant for contempt. Subsequently, on August 26, 1998, appellant filed a motion to modify spousal support based on a change in circumstances from prior court orders.
A hearing was held on September 29, 1998. In a decision dated October 16, 1998, the magistrate determined that: (1) appellant was not in willful contempt for non-payment of his spousal support or marital indebtedness; (2) appellee's and appellant's income remained unchanged since the divorce decree; and (3) appellant had discharged all of his monthly installment debt in bankruptcy. The magistrate increased appellee's spousal support obligation to $1,100 after finding that there was a substantial change in the parties' circumstances and that appellant was able to pay appellee an additional $200 per month. The trial court adopted the magistrate's decision. On November 6, 1998, appellant appealed the decision. On that same date, appellant filed a statement of the proceedings pursuant to App.R. 9(C) and a motion to stay the order increasing his support obligation. Furthermore, on November 12, 1998, appellee filed an amended statement of the proceedings, which the trial court approved on November 20, 1998. Appellant timely filed the instant appeal and now asserts the following as error:
 "The trial court committed error to the prejudice of [appellant] in ordering him to pay spousal support in the amount of $1,100 per month, an amount far greater than [appellant's] ability to pay and [appellee's] need to receive."
On April 12, 1999, this court remanded the matter to the trial court for fourteen days so the trial court could issue a judgment entry, which was a final appealable order. On June 24, 1999, the matter was remanded a second time because the entry did not comply with Civ.R. 53(E)(4)(b) as the trial judge failed to include any language in his entry adopting the magistrate's decision. On July 2, 1999, the trial judge issued a judgment entry, which indicated that he adopted the magistrate's October 16, 1998 decision and which constituted a final appealable order.
Appellant's sole contention is that the trial court erred in increasing his spousal support obligation. However, appellant also seems to make a manifest weight argument.
In State v. Schlee (Dec. 23, 1994), Lake App. No. 93-L-082, unreported, at 11, we held:
 "`[M]anifest weight' requires a review of the weight of the evidence presented, not whether the state has offered sufficient evidence on each element of the offense.
 "`In determining whether the verdict was against the manifest weight of the evidence, "(* * *) [t]he court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. (* * *)"'"
In Ohio, it is well-established that a trial court has broad discretion in formulating an award of spousal support and that a reviewing court will not disturb an award absent a finding that the court abused its discretion. Blakemore v. Blakemore (1983)5 Ohio St.3d 217, 218. An abuse of discretion is more than a mere error of law; "`it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" Id. at 219, quoting State v. Adams
(1980), 62 Ohio St.2d 151, 157.
A trial court awards spousal support to provide for the economic needs of an ex-spouse. Thomas v. Thomas (1991), 76 Ohio App.3d 482,485. In determining the amount of spousal support to award to an ex-spouse, a trial court must weigh the obligor's ability to pay with the obligee's need for support. McClain v. McClain (Sept. 30, 1999), Portage App. No. 98-P-0002, unreported, at 6. The court is governed by the provisions of R.C. 3105.18, which was revised on January 1, 1991. Houck v. Houck (Dec. 26, 1997), Trumbull App. No. 97-T-0025, unreported, at 7. Among other changes, R.C. 3105.18(B), renumbered as R.C. 3105.18(C)(1), removed the term "necessary" and substituted it with the phrase "appropriate and reasonable" in relation to the determination of spousal support. This section now reads:
 "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors: * * * "
Since the revision was subsequent to Blakemore, any language in that case that pertains to need and other factors must be considered in light of the statute as revised. Therefore, pursuant to the revision, a trial court may award spousal support to either party when it is "appropriate and reasonable" to do so. R.C. 3105.18(C)(1);Clontz v. Clontz (May 16, 1997), Trumbull App. No. 96-T-5531, unreported, at 6. Moreover, the trial court must take into account all of the following factors: (1) the income of the parties; (2) the earning abilities of the parties; (3) the ages and health of the parties; (4) the parties' retirement benefits; (5) the duration of the marriage; (6) the appropriateness of the parties to seek employment outside the home; (7) the marital standard of living; (8) the education of the parties; (9) the assets and liabilities of the parties; (10) the contribution of either party to the other's education; (11) the cost of education of the party seeking support; (12) the tax consequences of a spousal support award; (13) the lost income that results from the parties' marital responsibilities; and (14) any other factor the court deems relevant. Kraska v.Kraska (Dec. 4, 1998), Portage App. No. 97-P-0094, unreported, at 6; see, also, Waleryszac v. Waleryszac (Aug. 15, 1997), Trumbull App. No. 96-T-5498, unreported, at 3-4.
The general rule relating to modifying spousal support is that a modification is only proper when there is a substantial change in circumstances. Carnahan v. Carnahan (1997), 118 Ohio App.3d 393,397. If the court finds a substantial change, it must consider whether an adjustment in support is appropriate. Id. at 398. However, this court has read R.C. 3105.18 in a manner which does not require that the change in circumstance be substantial for an award of spousal support to be modified. Lawler v. Lawler (June 11, 1999), Geauga App. No. 98-G-2141, unreported, at 7. We have stated that a "trial court may modify a spousal support order if there has been a change of circumstances, taking into account the factors enumerated in R.C. 3105.18(F)[1]." Id. The resulting award must be "fair, equitable and in accordance with law." Kaechele v. Kaechele (1988),35 Ohio St.3d 93, 94. An equitable result requires that "[t]o the extent feasible, each party should enjoy, after termination of a marriage, a standard of living comparable to that established during the marriage as adjusted by the various factors of [R.C. 3105.18]."Buckles v. Buckles (1988), 46 Ohio App.3d 102, 110.
Generally, an increase in the obligor's income does not automatically require an enhanced amount in the support order unless the obligor's income at the time of the prior order was insufficient to support the obligee at the standard of living established during the marriage. Gross v. Gross (1990), 64 Ohio App.3d 815, 819. As previously mentioned, the court must also look at all of the factors in R.C. 3105.18(C)(1).
In the case at hand, appellant does not contest his obligation to pay spousal support, but he asserts that the award of $1,100 is greater than appellee's need of $762.67.[2] Here, the magistrate determined that appellee's income remained unchanged since the divorce decree. He also found that appellee's "monthly expenses ha[d] increased approximately $210 per month due to the actions of [appellant]." In addition, the trial court determined that appellant's income remained unchanged, even though he suffered a temporary reduction in pay during the General Motors Corporation's strike in the summer of 1998. Further, as a result of appellant's bankruptcy case, approximately $17,000 of appellant's debt was discharged. Thus, the trial court concluded that appellant was able to pay appellee an additional $200 per month in spousal support. However, although bankruptcy may discharge a debt as to a creditor, it does not negate liability between spouses pursuant to a divorce decree. Mathews v. Mathews (June 10, 1993), Montgomery App. No. 13499, unreported, at 2, 1993 WL 19351.
A review of the record reveals that the trial court did not consider all of the factors of R.C. 3105.18(C)(1) in determining that a $1,100 spousal support award was reasonable and appropriate in the instant matter. Therefore, it is our view that the trial court abused its discretion in increasing appellant's spousal support obligation without more specifically stating its rationale as required by prevailing case law. Stafinsky v. Stafinsky
(1996), 116 Ohio App.3d 781, 784; Bianco v. Bianco (Aug. 27, 1999), Trumbull App. No. 97-T-0226, unreported, at 7. Appellant's argument is sustained.
For the foregoing reasons, appellant's assignment of error is well-taken. Thus, the judgment of the Portage County Court of Common Pleas, Domestic Relations Division, is reversed and this case is remanded for further proceedings consistent with this opinion.
 ______________________________ PRESIDING JUDGE DONALD R. FORD
NADER, J., O'NEILL, J., concur.
[1] R.C. 3105.18(F) provides that "a change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses.
[2] This figure is the difference between appellee's monthly expenses of $1,858.76 and her after tax net income of $1,096.09.