OPINION
Defendant-appellant, Kenneth Dursse Johnson, appeals the decision of the Warren County Court of Common Pleas, Domestic Relations Division, awarding plaintiff-appellee, Rilda Jane Johnson, spousal support and dividing certain assets as marital property.
The parties were married on June 29, 1958. Three children were born during the marriage, all of whom are now emancipated. Prior to 1971, appellant was the sole income provider for the family, and appellee stayed at home to care for the children. In 1971, appellant suffered a brain injury at work which rendered him a triplegic and confined him to a wheelchair. As a result of his injuries, appellant suffers memory loss and bladder problems.
Following the accident, the parties jointly filed a personal injury suit for appellant's injuries and medical bills, lost wages, and appellee's loss of consortium. The case settled for $195,000, and a check was written solely to appellant. The parties deposited the check in an account ("AG Edwards account") in appellant's name, with appellant having sole authority over the account. This arrangement was made for "estate planning purposes." Appellant also receives Worker's Compensation benefits of $12,459.20 per year and Ironworkers' Pension benefits of $1,656 per year. Appellee has received Workers' Compensation wages of $2,548 per year for the care she has provided appellant.
After the accident, appellee took on the role as appellant's caretaker while continuing to act as primary caregiver for the children and maintaining the household. Appellee transported appellant to Wright State University in Dayton, Ohio, where he took computer classes. Appellant has since been employed by Warren County, Ohio as a computer programmer earning $46,391.80 per year. Appellee has worked part-time with Warren County Children's Services for seventeen years. In 1997, she earned $10,300.50.
The AG Edwards account has been used extensively by the parties. Although only appellant has authority over the account, at times marital income has been used to increase the value of the account, which has fluctuated based upon investment success and amounts expended for a variety of purposes, including marital uses. Money from the account was used for home repairs and improvements, the children's college expenses, and services not covered by Workers' Compensation. In 1997, appellant loaned appellee $23,000 from the AG Edwards account for a down payment on a condominium.
On November 14, 1997, appellee filed a complaint for legal separation alleging that appellant had committed adultery, and that they were now incompatible. On December 3, 1997, appellant filed an answer and counterclaim denying any adultery, but alleging gross neglect by appellee, and that they were now incompatible. On December 11, 1997, appellee replied to the counterclaim, admitting only that the parties were incompatible.
On March 3, 1998, the trial court held a hearing on the matter, taking evidence from both parties. At the conclusion of this hearing, the trial court determined what marital assets were to be divided, and determined what assets were the separate property of the parties. The trial court delayed disposition of the personal injury settlement and AG Edwards account, as well as the Workers' Compensation and Ironworkers' Pension.
On June 11, 1998, the trial court filed its decision concerning the undecided matters. The trial court ruled that the AG Edwards account was a marital asset, to be divided equally between the parties. The trial court provided no findings of fact or conclusions of law supporting this ruling. The trial court also found that the Workers' Compensation benefits and Ironworkers' Pension benefits should be included in appellant's gross income for purposes of computing spousal support.
On December 7, 1998, the trial court entered its final decree and judgment. In its entry, the trial court divided the marital property, including the AG Edwards account. The trial court entered a Qualified Domestic Relations Order to divide the retirement accounts of both parties. The trial court ordered that appellant pay appellee spousal support in the amount of $1,985.77 per month. This amount was based upon the inclusion of appellant's Workers' Compensation and Ironworkers' Pension benefits in his income. Appellant appeals, raising two assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN FINDING THAT COMPENSATION PAID TO HUSBAND FOR HIS PERSONAL INJURIES WAS MARITAL PROPERTY AND THAT THIS SEPARATE PROPERTY SHOULD BE SPLIT EQUALLY BY THE PARTIES.
 In his first assignment of error, appellant contends that the personal injury settlement and the resulting AG Edwards account are his separate property, received solely by him for his injuries. Appellant argues that, because he has had exclusive control over the AG Edwards account, it should not be divided as marital property.
In general, trial courts have traditionally been given broad discretion over the division of property in divorce proceedings,Cherry v. Cherry (1981), 66 Ohio St.2d 348, paragraph two of the syllabus. Since the enactment of R.C. 3105.171, though, the standard to be used by an appellate court when reviewing the trial court's characterization of property as separate or marital is in dispute.
Different standards of review have been applied by the appellate courts when reviewing the classification of property in divorce cases. In the past, this court has reviewed the trial court's classification of property as separate or marital for either an abuse of discretion, Peck v. Peck (1994), 96 Ohio App.3d 731, or manifest weight of the evidence. Dever v. Dever (Apr. 12, 1999), Clermont App. No. CA98-07-050, unreported. Because of this conflict, we are compelled to reconsider what standard of review is applicable in light of the language and operation of R.C.3105.171, which defines marital and separate property.
"Marital property" is defined in R.C. 3105.171(A)(3)(a) to include:
 (i) All real and personal property that currently is owned by either or both of the spouses, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage;
 (ii) All interest that either or both of the spouses currently has in any real or personal property, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage;
 (iii) Except as otherwise provided in this section, all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage;
 (iv) A participant account, as defined in section 145.71 of the Revised Code, of either of the spouses, to the extent of the following: the moneys that have been deferred by a continuing member or participating employee, as defined in that section, and that have been transmitted to the Ohio public employees deferred compensation board during the marriage and any income that is derived from the investment of those moneys during the marriage; the moneys that have been deferred by an officer or employee of a municipal corporation and that have been transmitted to the governing board, administrator, depository, or trustee of the deferred compensation program of the municipal corporation during the marriage and any income that is derived from the investment of those moneys during the marriage; or the moneys that have been deferred by an officer or employee of a government unit, as defined in section 145.74 of the Revised Code, and that have been transmitted to the governing board, as defined in that section, during the marriage and any income that is derived from the investment of those moneys during the marriage.
Separate property is defined in R.C. 3105.171(A)(6) to include:
 (a) [A]ll real and personal property and any interest in real or personal property that is found by the court to be any of the following:
 (i) An inheritance by one spouse by bequest, devise, or descent during the course of the marriage;
 (ii) Any real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage;
 (iii) Passive income and appreciation acquired from separate property by one spouse during the marriage;
 (iv) Any real or personal property or interest in real or personal property acquired by one spouse after a decree of legal separation issued under section 3105.17
of the Revised Code;
 (v) Any real or personal property or interest in real or personal property that is excluded by a valid antenuptial agreement;
 (vi) Compensation to a spouse for the spouse's personal injury, except for loss of marital earnings and compensation for expenses paid from marital assets;
 (vii) Any gift of any real or personal property or of an interest in real or personal property that is made after the date of the marriage and that is proven by clear and convincing evidence to have been given to only one spouse.
 (b) The commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate property is not traceable.
 R.C. 3105.171(B) requires that in any divorce proceeding, the trial court must make a determination of "what constitutes marital property and what constitutes separate property."
Reading the above sections as a whole, we believe that the standard of review which best comports with the requirements of the statute is that of manifest weight of the evidence. Under such review, the factual findings of the trial court relating to its classification of property as marital or separate are reviewed to determine whether they are supported by competent, credible evidence. Dever; Barkley v. Barkley (1997), 119 Ohio App.3d 155. The trial court will be given latitude in resolving issues of fact and making factual findings, if such are supported by the record. We believe that this standard of review best furthers the goals of R.C. 3105.171 in that it provides the trial court with considerable latitude in resolving factual disputes.
In the instant case, the parties are contesting whether the personal injury settlement proceeds in the AG Edwards account are marital or separate property. R.C. 3105.171(A)(6)(a)(vi) lists personal injury recoveries as separate property, unless recovered for loss of marital wages or reimbursement for expenses from marital assets. A spouse's recovery for personal injuries may lose its character as separate property if it is commingled with marital funds or found to have become a marital asset. Modon v.Modon (1996), 115 Ohio App.3d 810, 815, discretionary appeal not allowed (1997), 78 Ohio St.3d 1442; Cox v. Cox (Feb. 16, 1999), Fayette App. No. CA98-05-007, unreported. When the parties contest whether an item of property is marital or separate, the presumption is that the property is marital, unless proven otherwise. The burden of tracing separate property is upon the party claiming its existence by a preponderance of the evidence.Id., citing deLevie v. deLevie (1993), 86 Ohio App.3d 531, 536, appeal dismissed (1993), 67 Ohio St.3d 1409. Thus, the burden was upon appellant to provide evidence to establish that the settlement was his separate property.
Appellant asserts that the money in the AG Edwards account was given only to him, and that it has not been commingled with any marital wages or used in such a way as to demonstrate that it was a marital asset. Appellant contends that the AG Edwards account was retained under his sole authority, and presented evidence that the money from the account used for the down payment on appellee's condominium was a loan, not a gift or marital use of the money. However, evidence to the contrary was presented as well. The initial suit following appellant's accident was filed on behalf of both of the parties, and the damages sought were not only for appellant's personal injuries, but also for his lost wages and medical bills and appellee's loss of consortium. Furthermore, there was evidence that the AG Edwards account was used extensively as a supplemental marital fund and maintained with marital wages earned by appellant.
Some elements of the personal injury recovery, as set forth in the parties' initial complaint, would not be included as appellant's separate property (lost wages, medical bills reimbursement, loss of consortium). Modon, 115 Ohio App.3d 810,813-816. In fact, any recovery by appellee for her loss of consortium would be her separate property. Id. The trial court failed to make any findings about whether there was evidence concerning these elements of the personal injury recovery. Thus, we are unable to conclude whether the settlement was solely for appellant's personal injuries, including his pain and suffering, or also for his lost wages and medical bills and appellee's loss of consortium.
The trial court also failed to make any findings concerning whether the AG Edwards account had been commingled with marital assets or used in a manner demonstrating that it was a marital asset. The trial court failed to determine if specific elements of the settlement were traceable so as to be separate property, or if the entire settlement was a marital asset. Because of the substantial conflict concerning the account's use and whether the elements of the personal injury settlement were traceable, it was incumbent upon the trial court to review the elements of the settlement and how the settlement funds have been controlled by the parties.
Therefore, this portion of the trial court's decision is vacated and the cause remanded for further proceedings. Upon remand, the parties are to be given the opportunity to present evidence concerning the specific elements of the personal injury recovery, and the trial court must then determine whether the funds in the AG Edwards account are marital property in whole or in part. The trial court must determine to what extent the AG Edwards account may have been commingled so as to become marital property, or to what extent the account has remained separate property. In this manner, the trial court may better explain its factual determinations and legal conclusions. Accordingly, appellant's first assignment of error is sustained.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN AWARDING SPOUSAL SUPPORT TO WIFE BASED UPON HUSBAND'S DISABILITY INCOME.
 In his second assignment of error, appellant contends that the trial court erred by including his Workers' Compensation and Ironworkers' Pension benefits in its calculation of his income for purposes of determining spousal support. Appellant asserts that the benefits are disability payments, not recovery for lost wages. Appellant argues that, as a result, they cannot be included in any spousal support calculations.
The trial court is given broad discretion in determining whether an award of spousal support is appropriate. Holcomb v.Holcomb (1989), 44 Ohio St.3d 128, 130. A trial court's decision to award spousal support will be reversed only if found to be arbitrary, unreasonable, or unconscionable. Blakemore v.Blakemore (1993), 5 Ohio St.3d 217, 218-219. Likewise, the trial court is given wide latitude in determining the amount of spousal support to be awarded, so long as the trial court has properly considered the statutory factors of R.C. 3105.18. Bechtol v.Bechtol (1990), 49 Ohio St.3d 21, 24.
R.C. 3105.18(C) sets forth the factors a trial court must consider when fashioning a spousal support award:
 (1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 [3105.17.1] of the Revised Code;
(b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
(d) The retirement benefits of the parties;
(e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
(h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable.
 (2) In determining whether spousal support is reasonable and in determining the amount and terms of payment of spousal support, each party shall be considered to have contributed equally to the production of marital income.
 In making a spousal support determination, the trial court must examine evidence germane to all factors relevant to the case, then weigh the one spouse's need for support against the other spouse's ability to pay. Carnahan v. Carnahan (1997), 118 Ohio App.3d 393, 399; Layne v. Layne (1992), 83 Ohio App.3d 559. In setting forth its decision, the trial court must indicate in its final decree its basis for the award in sufficient detail to enable the appellate court to properly review the award. Schneider v. Schneider (1996), 110 Ohio App.3d 487, 494, discretionary appeal not allowed (1996), 77 Ohio St.3d 1416.
Appellant contends that the trial court erred in making the ordered spousal support award, because the trial court included in its income calculation the payments appellant receives from Workers' Compensation and the Ironworkers' Pension. Appellant argues that these benefits are his separate property, and thus are not to be considered in a spousal support award.
Appellant fails to distinguish between the division of marital property and the awarding of spousal support. R.C.3105.18(C)(1)-(a) provides that any property divided, disbursed, or distributed under R.C. 3105.171 shall be considered when determining spousal support. Separate property is distributed under R.C. 3105.171, thus it is to be considered when calculating the parties' incomes for purposes of spousal support. The trial court's entry specifically states that appellant's Workers' Compensation and Ironworkers' Pension benefits were considered in determining his income.
A review of the trial court's entry reveals that the trial court properly considered the factors set forth in R.C.3105.18(C)-(1) and properly stated on the record sufficient reasons for its decision. The trial court considered the long duration of the marriage, appellee's substantial contribution as a homemaker, her care for appellant after his accident, and her lack of a full-time employment history. The trial court further found that, although appellee may have secretarial skills, it is not probable that at fifty-seven years of age she will be in great demand in the work place. In light of these findings, the trial court ruled that appellant's obligation to support appellee must continue beyond the end of the marriage.
We find that the trial court did not err in awarding appellee spousal support or in determining the amount of spousal support to be awarded. The trial court properly considered appellant's income sources and provided sufficient findings to support its ruling. Accordingly, appellant's second assignment of error is overruled.
Judgment affirmed in part, vacated in part, and remanded for further proceedings not inconsistent with this opinion.
POWELL, P.J., concurs.
WALSH, J., concurs separately.