CARNAHAN, Appellant,

v.

CARNAHAN, Appellee.

[Cite as *Carnahan v. Carnahan* (1997), 118 Ohio App.3d 393.]

Court of Appeals of Ohio,
Twelfth District, Clermont County.

No. CA96–08–072.

Decided March 3, 1997.

*Marshall McCachran,* for appellant.

*John L. McElwee,* for appellee.

———

WALSH, Judge.

Plaintiff-appellant, Jack F. Carnahan, appeals a decision by the Clermont County Court of Common Pleas, Division of Domestic Relations, modifying his spousal support obligations. We reverse the trial court's modification of spousal support and remand for a recalculation.

Appellant and appellee, Suzanne Carnahan, were married for thirty-nine years. Appellant and appellee were granted a divorce by the Clermont County Court of Common Pleas, Division of Domestic Relations, on December 28, 1990. In the divorce decree, the property was divided equally, and appellant was ordered to pay spousal support of $1,000 per month for one year and $850 per month thereafter, indefinitely. Appellant and appellee's pensions were included in the property settlement. At the time of the divorce, appellant was earning $72,000 annually at KDI Precision Products, Inc., and appellee was earning $28,000 as an office manager for Value City Department Stores.

In 1995, appellant was forced to retire from his position at KDI. Appellant made a motion to modify his spousal support obligations because of his change in circumstances. Appellant's income is now $19,032 annually, consisting of $1,221 per month from Social Security and $365.54 per month from his pension. Since the divorce, appellant has remarried. Appellant's present wife earns approximately $35,000 annually. Appellee presently earns $36,140 to $40,072 annually.[1]

———

1. There is some dispute in the record concerning appellee's actual annual income. $36,140 to $40,072 represents the high and low amounts of income credited to appellee.

The domestic relations court found that there was a substantial change in circumstances to justify a modification of appellant's spousal support obligation. The court found that appellant and appellant's spouse's monthly incomes were $3,414 with monthly expenses of $2,510. The court then found that appellant and his present spouse had excess income amounting to $904 per month. The court compared appellee's income with her expenses and found that appellee had a shortfall of $597 per month. The court then modified appellant's spousal support obligation to $600 per month without a termination date. Appellant assigns the following two assignments of errors:

Assignment of Error No. 1:

"The trial court abused its discretion in this matter by failing to evaluate properly the financial evidence regarding the parties' income, expenses and property, and thus rendering a decision against the manifest weight of the evidence."

Assignment of Error No. 2:

"The trial court abused its discretion by not terminating spousal support altogether under the circumstances."

In Ohio, spousal support consists of two components: a division of marital assets and liabilities, and periodic payments for sustenance and support. *Kaechele v. Kaechele* (1988), 35 Ohio St.3d 93, 95, 518 N.E.2d 1197, 1200. In the present case, spousal support was granted for sustenance and support. In a proceeding to modify a spousal support award, there is a three-step process: the trial court must determine (1) whether there is a substantial change in the parties' circumstances so as to warrant a modification, (2) whether spousal support is necessary, and (3) if necessary, what amount is reasonable. *Leighner v. Leighner* (1986), 33 Ohio App.3d 214, 215, 515 N.E.2d 625, 626–627.

Modification of spousal support is warranted only when a substantial change in the circumstances of the parties exists. *Leighner* at 215, 515 N.E.2d at 627; *Wiggins v. Wiggins* (Sept. 27, 1993), Warren App. No. CA92–12–110, unreported, at 5, 1993 WL 386305. See, also, R.C. 3105.18(E)(1). The change in circumstances must not have been purposely brought about by the party seeking the modification. *Roach v. Roach* (1989), 61 Ohio App.3d 315, 319, 572 N.E.2d 772, 774. A reviewing court will not disturb the judgment of the trial court regarding whether a change of circumstances has occurred unless the decision constitutes an abuse of discretion. *Wiggins* at 5. A decision constitutes an abuse of discretion if it is "unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482–483, 450 N.E.2d 1140, 1142; *Kahn v. Kahn* (1987), 42 Ohio App.3d 61, 66, 536 N.E.2d 678, 684.

■■ A change of circumstances includes, but is not limited to, "any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." R.C. 3105.18(F). The remarriage of one who owes spousal support does not warrant a modification of the spousal support payments, *Mallow v. Mallow* (1948), 84 Ohio App. 89, 39 O.O. 115, 84 N.E.2d 236, but the second spouse's income can be considered when there is an allegation of a change in circumstances. *Roach*, 61 Ohio App.3d at 320, 572 N.E.2d at 775; *Robinson v. Robinson* (Apr. 4, 1994), Butler App. Nos. CA93–02–027, CA93–03–047, unreported, 1994 WL 110197.

■ In the present case, the change of circumstances for appellant was his retirement. Appellant's wages before his retirement were about $72,000 annually. After retirement, appellant has a gross income of $19,038.48 annually composed of Social Security benefits of $1,221 per month ($14,652) and a pension of $365.54 per month ($4,386.48). This much of a difference in income is sufficient to show that the trial court did not abuse its discretion in finding that there was a change in circumstances justifying a modification of spousal support.

■ Once it has been found that there is a change in circumstances, the next inquiry is whether spousal support is necessary, and if it is necessary, what amount is reasonable. *Leighner*, 33 Ohio App.3d at 215, 515 N.E.2d at 626–627; *Bingham v. Bingham* (1983), 9 Ohio App.3d 191, 193, 9 OBR 302, 303–304, 459 N.E.2d 231, 233–234. A court must follow the factors listed in R.C. 3105.18(C) when considering the amount of the new spousal support award. *Gross v. Gross* (1990), 64 Ohio App.3d 815, 818, 582 N.E.2d 1144, 1145–1146.[2] The trial court

---

**2.** R.C. 3105.18(C)(1) reads as follows:

"In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, * * * the court shall consider all of the following factors:

"(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

"(b) The relative earning ability of the parties;

"(c) The ages and the physical, mental, and emotional condition of the parties;

"(d) The retirement benefits of the parties;

"(e) The duration of the marriage;

"(f) The extent to which it would be inappropriate for a party, because he will be custodian of a minor child of the marriage, to seek employment outside the home;

"(g) The standard of living of the parties established during the marriage;

"(h) The relative extent of education of the parties;

"(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

"(j) The contributions of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

does not need to list each factor and comment on the factors unless there is a request for findings of fact and conclusions of law. *Cherry v.. Cherry* (1981), 66 Ohio St.2d 348, 356, 20 O.O.3d 318, 323, 421 N.E.2d 1293, 1299; *Alder v. Alder* (1995), 105 Ohio App.3d 524, 526, 664 N.E.2d 609, 610.

In a divorce proceeding, a reviewing court should not reverse a trial court's decision regarding the amount of spousal support award unless it finds that the trial court abused its discretion. *Kahn v.. Kahn,* 42 Ohio App.3d at 66, 536 N.E.2d at 683–684. While this rule applies to a divorce proceeding, it is also the appropriate standard to be used when reviewing a modification decision. *Wiggins,* at 5. In determining if there was an abuse of discretion, a reviewing court must look at "the totality of the circumstances" to determine if the trial court acted unreasonably, arbitrarily, or unconscionably. *Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64, 67, 554 N.E.2d 83, 86–87. After reviewing the record, we find that the trial court abused its discretion in its determination of appellee's need and appellant's ability to pay spousal support.

While the trial court found that there was a change in circumstances warranting a modification, it did not properly determine appellee's "need" in its award of spousal support. Sustenance spousal support is provided because a financially dependent spouse has a right to economic support sufficient to maintain his or her standard of living before the dissolution "to the extent that the financially supportive spouse has the economic ability to provide that support." *Wiggins,* at 8, following *Lee v. Lee* (1983), 10 Ohio App.3d 113, 114, 10 OBR 137, 138, 460 N.E.2d 710, 712.

"Need" is an essential element when determining whether spousal support is "appropriate and reasonable." See *Kunkle,* 51 Ohio St.3d at 68, 554 N.E.2d at 87–88; *Wolfe v. Wolfe* (1976), 46 Ohio St.2d 399, 414, 75 O.O.2d 474, 482, 350 N.E.2d 413, 423; *Simoni v. Simoni* (1995), 102 Ohio App.3d 628, 637–638, 657 N.E.2d 800, 806–807. See, also, R.C. 3105.18(C)(1). When sustenance spousal support is not limited to the payee's needs, "the award has the effect of punishing the payer and rewarding the payee." *Orley v. Orley* (Dec. 12, 1996), Cuyahoga App. No. 69622, unreported, 1996 WL 715481; *Kunkle* at 70, 554 N.E.2d at 89. Each of the factors in the present statute, R.C. 3105.18(C)(1)(a)–

---

"(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

"(*l*) The tax consequences, for each party, of an award of spousal support;

"(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

"(n) Any other factor that the court expressly finds to be relevant and equitable."

(n), is "related, directly or indirectly, either to the obligee spouse's need for sustenance or the obligor spouse's ability to pay." *Seagraves v. Seagraves* (Apr. 19, 1996), Montgomery App. No. 15588, unreported, at 16, 1996 WL 185332.

We now overrule our holdings in *Alder v. Alder*; *Hall v. Hall* (Mar. 27, 1995), Butler App. No. CA94–05–104, unreported, 1995 WL 128402; and *Bishop v. Bishop* (Oct. 9, 1995), Clermont App. No. CA95–02–008, unreported, 1995 WL 591257, to the extent we held that "need or necessity is no longer a prerequisite." We also decline to follow the Tenth District's holding that an award of spousal support is not based upon need. See *Schultz v. Schultz* (1996), 110 Ohio App.3d 715, 724, 675 N.E.2d 55, 61.

 In the present case, the trial court determined appellee's "need" by taking appellee's income and subtracting her expenses. However, the trial court erred in its computation of appellee's net income. The court improperly allowed as "expenses" monthly withholdings of $451.74 to a 401(K) plan, $100 to a credit union savings account, and $10 for charity. The court also did not consider as income appellee's annual pension of $1,882.44.

Since the time of the divorce, appellee's financial status has improved dramatically. Appellee's income has increased by more than forty percent, and she is now in a better financial situation than at the time of the divorce. Appellee has received spousal support payments of $850 to $1,000 for five years. Appellee has $103,045 in IRA and 401(K) accounts, $10,400 in stocks, $4,805 in checking accounts, and $71,000 equity in her condominium, resulting in a net worth of $189,250. Arguably, appellee's need has diminished as her net worth has increased.

The trial court found that appellant's retirement required that appellee "make some modifications in her budget to compensate for the change in [appellant's] income, and consequently her income. It is reasonable to expect [appellee] to make some changes in her expenses." However, in rendering its decision, the trial court allowed appellee all of her present expenses without any reductions. If appellant and appellee were still married, appellee would have had to adjust her expenses to match appellant's drop in income. The court's present decision would still allow appellee to spend at her current rate.

 The trial court also erred in determining appellant's ability to pay spousal support. It did not consider appellant's decision to use $60,000 of his 401(K) plan (which was a marital asset that had been previously divided at the time of the divorce) to purchase his present residence. If appellant had not used the $60,000 for his residence, he would have had a much higher housing payment and would have been less able to pay spousal support. The court's blanket

calculation of expenses versus income penalized appellant for using his own money to lower his monthly housing expense.

The trial court also erred by adding appellant's spouse's income to his income to determine the amount of his obligation. The trial court incorrectly cites our decision in *Wiggins*. We did not hold that it is proper to use the obligor's new spouse's income in determining the obligor's ability to pay. We instead held that the obligor's second spouse's income should be considered when there is an allegation of changed circumstances. *Roach*, 61 Ohio App.3d at 320, 572 N.E.2d at 775; *Wiggins*, at 7.

Determination of the amount of spousal support is different from a determination that there was a substantial change in circumstances to warrant a modification. R.C. 3105.18(C)(1)(a) requires that the income of the *parties* is to be considered when determining the amount of spousal support. This does not include income from another spouse. The parties have not cited, nor has our research revealed, any Ohio cases that would allow the trial court to include the new spouse's income for the purpose of determining spousal support.

When looking at the totality of the circumstances, we conclude the trial court's decision is inequitable and an abuse of discretion. Appellant makes $19,000 annually and is forced to pay $7,200 each year to support appellee, who is earning almost $40,000 annually. The trial court modified the spousal support from $850 per month to $600 per month. When a trial court determines an amount of spousal support, "it is guided by law, but is controlled by equity * * * [because] whenever equity loses its existence, justice is denied." *Simoni*, 102 Ohio App.3d at 635, 657 N.E.2d at 805.

Based upon the totality of the circumstances, we hold that the trial court abused its discretion and its ruling is against the weight of the evidence. We reverse the trial court's decision and remand this case with instruction to recalculate the spousal support award consistent with the factors in R.C. 3105.18(C)(1) and this opinion.

*Judgment reversed*
*and cause remanded.*

WILLIAM W. YOUNG, P.J., and KOEHLER, J., concur.