[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Martha J. Wolf appeals from a judgment of the Greene County Court of Common Pleas, Domestic Relations Division, which granted James W. Wolf's motion to terminate spousal support.
The facts and procedural history of the case are as follows. The parties were divorced in July 1995. At the time of the divorce, Mr. Wolf earned $20,433 per year and Mrs. Wolf earned $10,499 per year. Mr. Wolf was ordered to pay spousal support in the amount of $400 per month, and the trial court retained jurisdiction to modify its spousal support order for a period of fifteen years.
On June 26, 1998, Mr. Wolf filed a motion to terminate or to substantially reduce his spousal support obligation based on changes in the circumstances of both parties. A magistrate conducted a hearing on the motion on August 4, 1998. The parties presented the following evidence at the hearing.
Mrs. Wolf had been employed at the Greene Memorial Hospital for several years. Based on her tax returns and pay stubs, her income was $13,809 in 1995; $14,779 in 1996; $19,840 in 1997; and $12,898 through July 4, 1998. Mr. Wolf, a self-employed carpenter, had earned $13,923 in 1995; $5,322 in 1996; $11,253 in 1997; and approximately $5,000 up to the time of the hearing in 1998. Mr. Wolf attributed his diminished income since the time of the divorce to "mental stress," which caused him to not feel like working, but he did not elaborate on his condition or how he was being treated for it. Although Mrs. Wolf implied that Mr. Wolf had not reported all of his income to the Internal Revenue Service in the past, Mr. Wolf testified that the numbers reflected on his tax returns did represent all of his income from employment. Mr. Wolf also testified that he had savings of approximately $60,000, most of which was attributable to the proceeds from the sale of marital property and to an inheritance. Mrs. Wolf acknowledged that each of the parties had received approximately $44,000 from the sale of the marital residence and that she had reinvested her portion in another piece of property. Evidence was also presented that Mr. Wolf had been convicted of aggravated menacing and domestic violence directed toward Mrs. Wolf in 1997, for which he had served sixty days in jail.
The magistrate concluded that there had been a substantial change in circumstances in that Mr. Wolf's earning capacity had diminished and Mrs. Wolf's earning capacity had increased since the time of the divorce. Based on this finding, the magistrate recommended terminating spousal support effective August 1, 1998 and retaining jurisdiction over the issue of spousal support for the original duration of the spousal support award. The trial court adopted this recommendation over Mrs. Wolf's objections on October 19, 1998.
Mrs. Wolf asserts one assignment of error on appeal.
 THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING MR. WOLF'S MOTION TO TERMINATE HIS SPOUSAL SUPPORT OBLIGATION.
Mrs. Wolf argues that Mr. Wolf did not meet his burden of establishing that a modification of spousal support was warranted because his testimony about "mental stress" was uncorroborated, there was no evidence that the alleged problem interfered with his ability to work, and his decrease in earnings was voluntary.
Modification of spousal support is warranted only when a substantial change in the circumstances of the parties exists.Carnahan v. Carnahan (1997), 118 Ohio App.3d 393, 397; Leighnerv. Leighner (1986), 33 Ohio App.3d 214, 215; R.C. 3105.18(E). A change of circumstances of a party includes, but is not limited to, and increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses. R.C.3105.18(F); Tremaine v. Tremaine (1996), 111 Ohio App.3d 703, 706. The burden of showing that modification of spousal support is warranted is on the party who seeks it. Tremaine, supra, at 706. Trial courts are granted broad discretion concerning awards of spousal support, and their orders will not be disturbed on appeal absent an abuse of that discretion. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 218-219.
Had the trial court based its decision to modify the spousal support award solely on the alleged changes in Mr. Wolf's circumstances, i.e., his nondescript mental health problems and their alleged interference with his motivation to work, we might be inclined to agree with Mrs. Wolf that the trial court had abused its discretion. It is clear, however, that the trial court placed considerable weight on the changes in Mrs. Wolf's circumstances, namely her increased earnings since the time of the divorce, as well as on Mr. Wolf's circumstances. Mrs. Wolf's income had nearly doubled since the divorce such that it exceeded Mr. Wolf's highest level of annual income. The trial court could have reasonably concluded that this change in Mrs. Wolf's circumstances was substantial and warranted a modification of the spousal support payments apart from any changes in Mr. Wolf's income or the reasons therefor.
The trial court also noted that, at the time of the divorce, the parties received a "completely equal division" of marital assets. Mr. Wolf put his funds traceable to these assets in a savings account, while Mrs. Wolf reinvested hers in real estate. The trial court was not required to consider Mr. Wolf's savings as a potential source of spousal support payments when Mrs. Wolf had received funds in an equal amount at the time of the divorce. Based on its consideration of Mrs. Wolf's change in income and many other statutory factors, including Mr. Wolf's mental health problems, the trial court determined that spousal support was no longer appropriate. In our view, the trial court did not abuse its discretion in reaching this conclusion.
The assignment of error is overruled.
The judgment of the trial court will be affirmed.
BROGAN, J. and YOUNG, J., concur.
Copies mailed to:
David A. Orlins
J. Timothy Campbell
Hon. Judson L. Shattuck, Jr.