This accelerated case is before the court on appeal from a judgment of the Fulton County Court of Common Pleas.
The parties to this case were divorced by decree in April 1996. Appellant, Dale J. Schuller, was ordered to pay appellee, Joy Lynn Schuller, spousal support in the amount of $500 per month for a period of twelve months, $400 per month for the following twelve months and $300 per month for the next twelve months. The court reserved jurisdiction "during such 36 month period, in the event or occurrence of an unforeseen substantial change of circumstances of either of the parties." The award was based upon, among other things, appellee's current inability to earn a living and her need for medical insurance coverage.
On July 14, 1998, appellant filed a motion asserting that his former wife was cohabitating with another man. He argued that this was a sufficient change of circumstances to warrant termination of his spousal support obligation.
On October 2, 1998, appellee filed a motion to "increase and extend" appellant's spousal support obligation. She alleged that, despite diligent efforts, she was unable to complete the education and training she needed to obtain gainful employment. She claimed that the Social Security Administration had determined that she was "disabled."
A hearing was held on the parties' motions. In its judgment entry, the trial court found appellant's motion not well-taken and granted appellee's motion. The court ordered:
 "Defendant's spousal support obligation of $200.00 per month shall continue for an additional 24 months, unless earlier termination by marriage, co-habitation with an unrelated male who is wholey [sic] supporting the Plaintiff, or the untimely death of either party."
Appellant appeals this judgment and sets forth the following assignments of error:
 "I. THE DECISION TO EXTEND THE SPOUSAL SUPPORT PAYMENTS CONSTITUTES AN ABUSE OF DISCRETION.
 "II. THE COURT'S DETERMINATION NOT TO TERMINATE SPOUSAL SUPPORT CONSTITUTES AN ABUSE OF DISCRETION.
 "III. THE COURT'S ORDER IS ARBITRARY AND CAPRICIOUS AND CONTRARY TO THE MANDATES OF THE OHIO REVISED CODE AND THE COMMON LAW OF THE STATE OF OHIO."
Appellant's first assignment of error contends that the trial court abused its discretion in extending the periodic payments of spousal support because appellant failed to demonstrate a substantial change of circumstances since the time of the divorce.
Our review of this assignment of error is limited to a determination of whether the trial court abused its discretion in extending the term of the spousal support obligation under the particular facts and circumstances of this case. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 218. Unless the trial court's attitude in reaching that decision is arbitrary, unconscionable, or unreasonable, we cannot reverse the judgment of that court.Blakemore v. Blakemore, 5 Ohio St.3d at 219.
The general rule relating to modification of spousal support is that modification is proper only when there is a substantial change in circumstances not contemplated at the time of the original spousal support order. Carnahan v. Carnahan
(1997), 118 Ohio App.3d 393, 397; Thacker v. Thacker (1991),74 Ohio App.3d 348, 350. A change in circumstances "* * * includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." R.C. 3105.18(F). Only where a court finds a substantial change, must it consider whether a modification in support is necessary. Carnahan v. Carnahan,118 Ohio App.3d at 398; Bingham v. Bingham (1983), 9 Ohio App.3d 191, 193.
In his judgment entry, the trial court judge did not find that a substantial change of circumstances had occurred between the time of the judgment of divorce and appellee's motion to increase and extend appellant's spousal support obligation. Instead, the court held:
 "In retrospect it appears the Court's anticipation that Plaintiff would be self supporting by mid-1999 was overly optimistic. The evidence at trial clearly established Plaintiff has not yet been able to habilitate her situation so she is self sustaining. She testified she is still attending Owens College, and her only income, outside her spousal support of $200.00 [sic] per month, is $380.00 per month she receives from Social Security. It appears Defendant is still earning approximately $62,000.00 per year at Jeep."
Unfortunately, the court's finding reads more like a reconsideration of its original order than a finding of substantial change of circumstances. Thus, we agree that the trial court failed to make the requisite finding. In any event, appellee failed to offer evidence of the fact that circumstances have changed substantially since the date of the divorce.
In the divorce decree, the trial court noted that this was a marriage of eleven years in length, and that appellee had physical and psychological problems, had limited work experience, was attending college and was receiving financial assistance from her sister, who was allegedly living with appellee at the time. At the hearing on the parties' motions, appellee testified that her sister moved out of appellee's residence prior to the entry of divorce. She further stated that she had attempted to work at a day care center but found the work aggravated her "back problem." She had not attempted to obtain other gainful employment. Appellee indicated that she was still in the same field of study at Owens College as she was in 1996. She did testify that, although she had been attending school full-time (twelve hours), she intended to attend part-time in the future because her depression "stands in the way."
Further, appellee's economic status was essentially the same as it was at the time of the divorce. Her only source of income is funds, in the amount of $380 per month, received from the Social Security Administration. She was also receiving these funds at the time of the divorce. A few expenses, such as house insurance, had increased but her social security payments had also increased.
The only major change in appellee's lifestyle was her living arrangement. In April 1998, her boyfriend moved into appellant's home. He refuses to contribute to the household expenses. Thus, except for cable television, appellee continues to pay the household bills. Appellee and her boyfriend do not own any property jointly or share a joint bank account. According to appellee, he pays his bills and she pays her bills. Consequently, we conclude the changes in her circumstances, as cited by appellee, are simply not the drastic kinds of changes contemplated by the law. Because the trial court failed to find a change of circumstances and our review of the record fails to evidence a substantial change of circumstances since the date of the divorce, we conclude that the trial court's grant of appellee's motion was an abuse of discretion. Accordingly, appellant's first assignment of error is found well-taken.
In his second assignment of error, appellant asserts that the trial court abused its discretion in denying his motion to terminate appellee's spousal support. Appellant maintains the evidence supports a finding of cohabitation. Cohabitation was not enumerated in the parties' divorce decree as an express condition leading to the termination of appellee's spousal support. However, it could be considered a change of circumstances sufficiently substantial to effect a modification of appellee's spousal support or a termination of that support. In deciding the existence of cohabitation, a court must keep in mind that the basic purpose of spousal support is to meet the financial needs of a former spouse. Even in a case where the former spouse is living with another person, the focus is on the need for spousal support, and the support should be terminated only when that need no longer exists. Gamble v. Gamble (Nov. 12, 1998), Summit App. No. 18922, unreported.
In Moell v. Moell (1994), 98 Ohio App.3d 748, 752, this court held that "cohabitation" consists of three principal factors: "(1) an actual living together; (2) of a sustained duration; and (3) with shared expenses with respect to financing and day-to-day incidental expenses." See, also, State v.Williams (1997), 79 Ohio St.3d 459 (discussing the meaning of "cohabitation" within the context of a domestic violence case). We also recognized that the trial court may consider other relevant criteria, including the behavior and intent of the parties. Moell v. Moell, 98 Ohio App.3d at 752. These other criteria include whether there is a common residence and whether the parties regarded themselves as having a marriage-type relationship. See Piscione v. Piscione (1992), 85 Ohio App.3d 273,276.
In the present case, the evidence demonstrated that appellee and her boyfriend were living together and had sexual relations. Nevertheless, the evidence fails to show that appellee's boyfriend was providing financial support to appellee or that they had any commingled assets. Nor does the evidence show theirs is a marriage-type relationship. Therefore, appellant failed to establish a substantial change of circumstances showing that appellee's financial status is such that she no longer needs spousal support. The court did not, therefore, abuse its discretion in denying appellant's motion. Appellant's second assignment of error is found not well-taken.
In his third assignment of error, appellant argues that the trial court's judgment is arbitrary and capricious and contrary to the statutory and common law of Ohio. Because our disposition of appellant's first assignment of error renders this assignment of error moot, we need not reach the merits of appellant's arguments.
On consideration whereof, the judgment of the Fulton County Court of Common Pleas is reversed with regard to the modification of the spousal support obligation. Appellee is ordered to pay the costs of this appeal.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Melvin L. Resnick, J.
 _____________________________ James R. Sherck, J.
 _______________________________ Mark L. Pietrykowski, J.
CONCUR.