OPINION
Defendant-appellant Roy Dorton appeals the September 27, 2000, Judgment Entry of the Delaware County Court of Common Pleas, which granted the parties a divorce, divided the parties' property, and established spousal and child support. Plaintiff-appellee is Cheryl Dorton.
 STATEMENT OF THE CASE AND FACTS
On August 31, 1998, appellee filed a Complaint for divorce. The parties were married February 3, 1973, and three children were born as issue of the marriage. At the time of the Complaint, the parties' oldest child, Travis Dorton, was emancipated. However, Tiffany Dorton, born 4/4/81, and Kevin Dorton, born 3/16/82, were still minor children. Kevin had been placed in foster care before the filing of the Complaint. However, on February 22, 1999, Kevin was returned to the custody of appellant.
On September 9, 1998, the trial court entered temporary restraining orders. Pursuant to this Judgment Entry, appellant was restrained from reducing, modifying, or terminating any health insurance coverage for appellee.
The matter proceeded to a trial before the Magistrate on April 6, 1999. Both appellant and appellee are hearing impaired and therefore, each testified through an interpreter. Subsequently, on June 3, 1999, the Magistrate issued a Decision granting the parties a divorce, allocating marital property, and awarding spousal support and child support. On June 16, 1999, appellant filed Objections to the Magistrate's Decision.
After reviewing appellant's Objections, related pleadings, and the transcript, the trial court issued its Judgment Entry/Decree of Divorce on October 26, 1999. Appellant appealed the Judgment Entry, raising nine assignments of error. See Dorton v. Dorton (May 22, 2000), Delaware App. No. 99CAF11061, unreported, 2000 WL 699666 [hereinafter Dorton I].[1]
Thereafter, this court vacated the October 26, 1999, Judgment Entry and remanded the matter to the trial court to "rule on appellant's objections and then redetermine the underlying divorce." Dorton I.
Subsequently, on September 27, 2000, the trial court ruled upon appellant's Objections and entered a Judgment Entry granting the divorce, dividing the marital property and establishing spousal support and child support. In the meantime, Tiffany Dorton had reached majority. Therefore, only Kevin Dorton remained as a minor child at the time the September 27, 2000, Judgment Entry of Divorce was entered.
It is from the September 27, 2000, Judgment Entries that appellant prosecutes this appeal, raising the following assignments of error:
ASSIGNMENT OF ERROR I
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN INCREASING SPOUSAL SUPPORT TO $1,000.00 PER MONTH ON REMAND.
 ASSIGNMENT OF ERROR II
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ORDERING DEFENDANT-APPELLANT TO PAY $1,000.00 OR $634.83 PER MONTH SPOUSAL SUPPORT, AND IN NOT PROVIDING A SPECIFIC TERMINATION DATE.
 ASSIGNMENT OF ERROR III
 THE TRIAL COURT ERRED IN FINDING THE PLAINTIFF-APPELLEE HAD REACHED HER MAXIMUM EARNING CAPACITY AND THAT SHE LOST INCOME PRODUCING CAPACITY BECAUSE OF HER RESPONSIBILITY FOR THE CHILDREN.
 ASSIGNMENT OF ERROR IV
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN AWARDING PLAINTIFF-APPELLEE ONE OF THE TDD'S.
 ASSIGNMENT OF ERROR V
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ORDERING DEFENDANT-APPELLANT TO ASSUME $20,468.00 IN MEDICAL BILLS.
Any other facts necessary to the resolution of each assignment of error will be addressed within.
 I II
In the first and second assignments of error, appellant argues that the trial court erred and abused its discretion when, on remand from this court, it increased the spousal support awarded to appellee from $643.83 to $1,000.00 and failed to include a specific termination date in the award. We disagree.
First, we note that the trial court's previous Judgment Entry, which awarded spousal support of $643.83 to appellee, was reversed by this court. The matter was remanded to the trial court with instructions for the trial court to address appellant's Objections to the Magistrate's Decision and redetermine the underlying divorce. The Magistrate had recommended that spousal support be paid by the appellant to the appellee in the amount of $643.83 per month. Appellant objected to that amount as being too high and alleged that he could not economically provide that support and, in addition, appellee's needs did "not dictate the payment of such sum." Pursuant to Rule 53(E)(4)(b) of the Ohio Rules of Civil Procedure, the trial "court may adopt, reject, or modify the magistrate's decision. . . ." In addition, this Court has previously ruled that a trial court is to make an independent analysis of the Magistrate Decision. (See Rhoads v. Arthur (June 30, 1999), Delaware App No. 98CAF10050, unreported). Therefore, we conclude that the trial court was not bound to a choice of either granting appellant's Objection and ordering that spousal support be less than $643.83 or adopting the Magistrate's Decision and ordering that spousal support be $643.83. Rather, the trial court had broad discretion in fashioning the spousal support award and was free to make an independent analysis and award, which included reviewing the spousal support award and ordering that it be higher than $643.83.
Next, we note that our review of the trial court's actual award of spousal support is limited to an abuse of discretion standard. "In a divorce proceeding, a reviewing court should not reverse a trial court's decision regarding the amount of spousal support award unless it finds that the trial court abused its discretion." Carnahan v. Carnahan (Mar. 3, 1997), 118 Ohio App.3d 393, 399 (following Kahn v. Kahn (1987),42 Ohio App.3d 61, 66). A trial court abuses its discretion when, in addition to making an error of law or judgment, it acts with an unreasonable, arbitrary, or unconscionable attitude. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
Ohio Revised Code Section 3105.18(C)(1)(a) through (n), provides the factors that a trial court is to review in determining whether spousal support is appropriate and reasonable and in determining the nature, amount, terms of payment, and duration of spousal support. Revised Code Section 3105.18(C)(1) provides:
 (1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
(b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
(d) The retirement benefits of the parties;
(e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
 (h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable.
Our review of the record confirms that the trial court considered the statutory factors set forth in R.C. 3105.18(C) before ordering spousal support in an amount greater than the amount recommended by the Magistrate. The court found that:
 Finding 14.4 of the Magistrate's Decision listed the statutory factors that a court should consider in awarding spousal support and further found as follows:
 "This is a long term marriage of 25 years and 3 months to the date of separation, 25 years and 6 months to the date of filing, and 26 years and 2 months to the date of trial. The Parties established a moderate standard of living during the marriage. The Wife is age 49 to be age 50 in July of 1999. The Husband is age 58. Both Parties are deaf. The Wife has had 6 seizures in the last 4 years. The Wife complains of having severe headaches all the time. The Wife also suffers from depression. The Wife is "very much hurt" by the end of the marriage which the Wife characterizes as the Husband leaving for another woman who was a friend of the Wife's. Thus the Wife's physical, mental, and emotional conditions are not good. Other than being deaf, the Husband is in good physical, mental, and emotional condition.
 The Wife's income is $15,474.00 per year. The Husband's income is $49,753.00 per year. Prior to the Wife's employment at Walmart, the Wife worked at Grady Hospital in house cleaning and did for approximately three months. It was there that the Wife started having seizures and Grady terminated the Wife's employment because of the seizures. Before that the Wife worked at Kroger for 1.5 years as a bagger and was paid $4.00 per hour. Before Kroger's, the Wife may have worked at the Residence Inn for a short period of time. The Wife worked for Buckeye Union when she was still in high school and until she became pregnant with Travis. After Travis was born, the Wife went to work for Bank One for a while. From that time on until the last couple of years, the Wife stayed home with the children. The Wife has reached the maximum of her earning ability and her physical, mental, and emotional condition may interfere with that. The Husband's relative earning abilities is equal of his income.
 The Wife has a high school degree. The Husband did not complete high school. The relative assets and liabilities of the Parties including any court-ordered payments by the Parties and the retirement benefits of the Parties are set forth herein. Neither Party is prevented from seeking employment outside the home due to that party being a custodian of a minor child. Neither Party contributed to the education, training, or earning ability of the other Party. No evidence was presented as to any plan of the Wife to acquire education, training, or job experience.
 The Wife lost income production capacity due to her assumption of marital responsibilities with respect to the children. Spousal support is deductible to the payor and is income to the payee.
 At one time the Wife received social security benefits for herself and the children but she does not at this time. Both Parties presented their budgets (see joint Exhibits 12 and 13). . . ."
Further, in reviewing the Magistrate's findings in regard to the tax consequences of the payment of spousal support, pursuant to one of appellant's objections, the trial court noted the parties' income after tax, as calculated by the Magistrate.[2] The trial court then calculated the parties' income without considering tax consequences.[3]
The trial court found the difference in calculations significant and found "[i]n either case, what is significant is the Magistrate's recommendation of spousal support of $643.83 per month is too low. Spousal support should be $1,000.00 per month."
The trial court thereby found that the Magistrate's recommended spousal support figure was too low. Based on the trial court's findings, which are consistent with R.C. 3105.18(C)(1), we find that the trial court did not abuse its discretion in ordering spousal support to be $1,000.00 per month.
Further, we find that the trial court did not abuse its discretion in failing to set a specific termination date. The Ohio Supreme Court, inKunkle v. Kunkle (1990), 51 Ohio St.3d 64, paragraph one of the syllabus, stated that:
 Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities.
In the case sub judice, the marriage was of long duration, over 26 years, and appellee stayed home to care for the parties' three children when they were young. Further, while both parties are hearing impaired, appellant is gainfully employed, earning a gross income of $49,753.00 per year. Appellee, on the other hand, works as a stocker at Walmart and suffers from medical problems, including seizures, "passing out", headaches and depression, earning, at best, a gross income of $15,474.00.
In addition, we note that the trial court specifically retained jurisdiction to modify spousal support in the future. Therefore, the trial court has the jurisdiction to modify spousal support based upon any appropriate change of circumstances in the future.
Therefore, we do not find the lack of a termination date to be an abuse of discretion under the circumstances of this case.
Appellant's first and second assignments of error are overruled.
 III
In the third assignment of error, appellant contends that the trial court's findings that appellee had reached her maximum earning capacity and that she had lost income producing capacity because of her responsibility for the parties' children are not supported by the evidence. We disagree.
As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279,281. It is based upon these standards that we review appellant's assignment of Error.
A review of the record demonstrates that the trial court's findings were supported by the evidence. The record demonstrates that appellee has limited employability and minimal employment experience. At the time of the hearing, appellee was employed as a stocker at Walmart, earning $7.76 per hour. Prior to Walmart, appellee worked at Grady Hospital for three months in housekeeping. Appellee was let go from Grady Hospital due to medical problems, specifically seizures. Before that, appellee worked as a bagger at Krogers, for approximately $4.00 per hour. Sometime during the marriage, appellee worked for a short time at a hotel. During her pregnancy with the parties' first child and during the marriage, appellee worked for short periods at an insurance agency and at Bank One. However, for the most part, appellee stayed home with the children during the marriage and only began to work again during the last couple of years of the marriage.
Appellee, like appellant, is hearing impaired. However, appellee further suffers from seizures, "passing out", depression and, recurring headaches. These medical problems affect appellee's ability to work.
Upon review of the record, we find that the trial court's findings that appellee had reached her maximum earning capacity and that she had lost income producing capacity because of her responsibility for the parties' children was supported by the evidence.
Appellee's third assignment of error is overruled.
 IV
In the fourth assignment of error, appellant claims that the trial court erred or abused its discretion in awarding a Telecommunication Device for the Deaf [hereinafter TDD] to appellee. Appellant argues that the record does not demonstrate a need or reason to give appellee a TDD, which was originally given to appellant by his employer. We disagree.
The parties owned three of the devices and appellant's current female housemate has an additional device, while it reportedly does not work well. The trial court awarded two of the parties' devices to appellant while one of the devices was awarded to appellee. At the time of trial, one of the parties' devices was at appellant's place of work, one was at appellant's home and one was in the possession of the parties' son. Appellant contends that the device awarded to appellee was given to appellant by his employer and that he needs this device to be able to communicate with his son. Appellee responds that the device was marital property and that appellee needs the device in order to communicate with the outside world due to her own hearing impairment.[4]
As a general matter, we review the overall appropriateness of the trial court's property division in divorce proceedings under an abuse-of-discretion standard. Cherry v. Cherry (1981),66 Ohio St.2d 348, 421 N.E.2d 1293. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Id.
We note that both parties are hearing impaired and spoke through interpreters at the hearing. We find that the trial court did not abuse its discretion in awarding one of the devices to appellee for her use.
Appellant's fourth assignment of error is overruled.
 V
In the fifth and final assignment of error, appellant argues that the trial court erred when it ordered appellant to assume $20,468.00 in medical bills incurred by appellee. Appellant contends he cannot pay these medical debts.
First, we note that the trial court's Judgment Entry does not necessarily order appellant to pay $20,468.00. The trial court made the following finding[5]:
 "The Husband deliberately canceled the Wife from his employer-provided health insurance during the pendency of this case without the Wife's knowledge and consent leaving the Wife without any health insurance. The Wife incurred significant medical expenses while the insurance was canceled. Insurance has refused to pay these expenses. The Magistrate ordered the bills to be submitted to insurance and the Husband to pay any expenses incurred during the time the insurance on the Wife was canceled and the uninsured portion of insured expenses. The Magistrate did not order the Husband to hold the Wife harmless thereon, leaving both Parties with the bankruptcy option discussed by the Husband.
Thereafter, the trial court made the following order: "The following medical bills shall be submitted to insurance. The Husband [appellant] shall pay any bills incurred during the time period that his insurance on the Wife [appellee] was canceled. The Husband shall also pay the net of any bills covered by insurance. . . ."[6]
We find that the trial court did not err or abuse its discretion in awarding the resulting debts to appellant. In spite of restraining orders requiring appellant to leave all health insurance in effect, appellant deliberately canceled coverage of appellee. This cancellation was without appellee's knowledge or consent. Therefore, we find that the trial court did not abuse its discretion in awarding these debts to appellant. It was appellant's violation of the restraining order which resulted in many or all of these medical bills not being covered by insurance.
Appellant's fifth and final assignment of error is overruled.
The judgment of the Delaware Court of Common Pleas is affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs to appellant.
Edwards, P.J., Wise, J. and Boggins, J. concur.
[1] The assignments of error raised in Dorton I were as follows:
 I. THE TRIAL COURT ERRED BY NOT FILING A DECISION AS TO DEFENDANT-APPELLANT'S OBJECTIONS.
 II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN NOT REQUIRING PLAINTIFF-APPELLEE TO PAY CHILD SUPPORT FOR THE REMAINING MINOR CHILD.
 III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ORDERING DEFENDANT-APPELLANT TO PAY $634.83 PER MONTH SPOUSAL SUPPORT.
 IV. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN NOT FINDING THE DAUGHTER WAS EMANCIPATED BEFORE HER GRADUATION ON JUNE 5, 1999.
 V. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN NOT MAKING IT CLEAR TIFFANY'S CHILD SUPPORT ENDED JUNE 5, 1999, AND ORDERING OVERPAYMENT RETURNED TO DEFENDANT-APPELLANT OR CREDITING THE OVERPAYMENT TO SPOUSAL SUPPORT.
 VI. THE TRIAL COURT ERRED IN NOT MODIFYING THE TEMPORARY ORDERS EFFECTIVE FEBRUARY 15, 1999, WHEN KEVIN WAS RETURNED TO THE CUSTODY OF DEFENDANT-APPELLANT.
 VII. THE TRIAL COURT ERRED IN FINDING THE PLAINTIFF APPELLEE HAD REACHED HER MAXIMUM EARNING CAPACITY AND THAT SHE LOST INCOME PRODUCING CAPACITY BECAUSE OF HER RESPONSIBILITY FOR THE CHILDREN.
 VIII. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN AWARDING PLAINTIFF-APPELLEE ONE OF THE TDD'S.
 IX. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ORDERING DEFENDANT-APPELLANT TO ASSUME $20,468.00 IN MEDICAL BILLS.
[2] Husband Wife
Gross Income 49,753.00 $15,474.00
Income after taxes 38,293.00 14,964.00
Spousal Support
(384.33 per month) 35,026.00 17,495.00
Spousal Support
(634.83 per month) 32,612.00 19,955.00
Spousal Support
(1,000.00 per month) 29,066.00 22,890.00
[3] Husband Wife
Gross Income 49,753.00 15,474.00
Spousal Support
(384.33 per month) 45,141.04 20,085.96
Spousal Support
(634.83 per month) 42,135.00 23,091.96
Spousal Support
(1,000.00 per month) 37,753.00 27,272.00
[4] It is not readily apparent whether appellant sought to challenge the trial court's implied finding that the TDD machines were marital property. The trial court explicitly found that "[t]he husband earned 3 tdd [sic] machines (which allow deaf persons to communicate over the phone) through his work." Finding No. 4, September 27, 2000, Ruling on Objections. However, even if appellant did raise such a challenge when his Merit Brief described the machines as "gifts" from his employer, we find the challenge would fail.
The characterization of property as separate or marital must be supported by sufficient, credible evidence. R.C. 3105.171; Chase Careyv. Carey (August 26, 1999), Coshocton App. No. 99CA1, unreported; seeMcCoy v. McCoy (1995), 105 Ohio App.3d 651, 654; Kelly v. Kelly (1996),111 Ohio App.3d 641. In the case sub judice, the trial court's characterization of the machines as marital property "earned" through appellant's work was supported by sufficient, credible evidence. Appellant testified that they were provided by his employer "like awards", TR 88 and TR 103, and that his employer "gave me one for the good work I was doing on the job, TR. 103.
[5] See trial court's Ruling On Objections filed on September 27, 2000.
[6] What is not addressed in the trial court's order regarding medical bills is who is to be responsible for payment of any bills that the insurance company will not pay because the bills were submitted too late to the insurance company. Maybe there was no reason for the trial court to believe that any of these bills would fall into that category or maybe it was an oversight. Neither party has appealed that omission and we do not address it in our opinion.