OPINION
{¶ 1} This case is before us on Defendant/Appellant Robert Manzella's appeal from a trial court decision modifying his order of spousal support. He believes that his modified spousal support order is too high for two reasons. First, Robert claims that the trial court should not have considered his new wife's income when evaluating his ability to pay spousal support. Second, he insists that the trial court should have considered retirement income that Mariclaire, his former wife, has voluntarily chosen to defer as part of her income when calculating her need for support. Thus, he concludes that the trial court's decision was not supported by sufficient evidence and that it was against the manifest weight of the evidence. For the following reasons, we conclude that the trial court abused its discretion in failing to consider Mariclaire's retirement income that is available though not yet drawn. Accordingly, the judgment of the trial court will be reversed and remanded for reconsideration of the spousal support order.
 {¶ 2} Robert and Plaintiff/Appellee Mariclaire Manzella were married for more than thirty-one years. On May 14, 1996 the trial court issued its final judgment and decree of divorce, pursuant to which Robert was ordered to pay spousal support to Mariclaire in the amount of $1,500 per month. In anticipation of his retirement at the end of 2002, Robert filed a motion to terminate or reduce his spousal support payments. The magistrate found a change of circumstances and reduced Robert's payments from $1,500 per month to $500 per month. Robert filed objections, but the trial court affirmed the magistrate's decision. Robert appeals from that order.
 {¶ 3} Robert's first assignment of error:
 {¶ 4} "The trial court abused its discretion by its failure to properly consider the factors enumerated in R.C. 3105.18(C)(1)."
 {¶ 5} Robert's second assignment of error:
 {¶ 6} "The trial court's decision is not supported by sufficient evidence and is not supported by the weight of the evidence."
 {¶ 7} A trial court has broad discretion when deciding whether to modify an award of spousal support. McHenry v. McHenry, Montgomery App. No. 20345, 2004-Ohio-4047, ¶ 21. Thus, support orders are reviewed for an abuse of discretion, meaning that we reverse only if we find that the trial court's decision is "unreasonable, arbitrary or unconscionable."Graham v. Graham (1994), 98 Ohio App.3d 396, 399, 648 N.E.2d 850, citation omitted. In making this assessment, we look at the totality of the circumstances. Carnahan v. Carnahan (1997), 118 Ohio App.3d 393,399, 692 N.E.2d 1086.
 {¶ 8} A trial court uses a two-step process when deciding a motion for modification of a spousal support award. See, Seagraves v. Seagraves
(April 19, 1996), Montgomery App. No. 15588, citation omitted. First, the court must find a substantial change in circumstances that was not contemplated at the time of the prior order. Id. Next, the trial court must re-examine the existing order in light of the changed circumstances, considering whether spousal support is still reasonable and, if so, in what amount. Id. When deciding whether the existing order should be modified, the trial court is guided and limited by the consideration of all relevant factors listed in R.C. 3105.18(C). Id.
 {¶ 9} Here neither Robert nor Mariclaire dispute that Robert's retirement and resultant reduction in income constitute a change of circumstances warranting modification of the existing support order. However, they do dispute whether continued spousal support is warranted and, if so, in what amount.
 {¶ 10} When evaluating a request for spousal support, R.C. §3105.18(C)(1) focuses on what is appropriate and reasonable. In so deciding, "the needs of the requesting party and the ability of the opposing party to pay it remain important considerations." Brown v.Brown, Pike App. No. 02CA689, 2003-Ohio-304, ¶ 13. See also, Howell v.Howell, Clark App. No. 2002-CA-60, 2003-Ohio-4842, ¶ 25.
 {¶ 11} At the time of the couple's divorce, Robert was earning $65,000 per year while Mariclaire was earning $23,000 per year. Beginning with his retirement at the end of 2002, Robert had pension benefits of $18,864 per year, and he earned $4,800 at a part-time job, for a total of $23,664 per year. Mariclaire's income decreased slightly to $21,000 per year as she was forced to reduce her work hours for health reasons. Mariclaire also has at least $6,000 per year in pension benefits that are immediately available to her, although she has so far chosen to defer payments in order to maximize the amount of those payments. Robert's monthly expenses escalated from $1,360 to $4,339. Mariclaire's monthly expenses increased from $2,551 to $3,781. Robert's new wife earns $85,000 to $95,000 per year, and she shares all of Robert's monthly expenses.
 {¶ 12} While it is true that a new spouse's income cannot be considered in determining an obligor's ability to pay spousal support, it is appropriate for a court to consider the fact that the obligor directly benefits from sharing living expenses with his new spouse. McNutt v.McNutt, Montgomery App. No. 20752, 2005-Ohio-3752, citing Carnahan,
supra, at 401. See also, Billingham v. Billingham (Feb. 16, 2001), Montgomery App. No. 18403, unreported. As we noted in McNutt, a new spouse's income is properly considered as part of the "any other factor" section of the statute. R.C. § 3105.18(C)(1)(n). See also, Howell,
supra, at ¶ 26.
 {¶ 13} Robert's new household income is $108,664 to $118,664 per year. Despite his retirement, Robert's standard of living has greatly improved since the divorce. In fact, he is even able to provide substantial financial support for his elderly parents. Under these circumstances, we cannot find that paying reduced spousal support to Mariclaire is unreasonable.
 {¶ 14} We next turn to the question of Mariclaire's retirement benefits. Although those benefits are currently available to Mariclaire, she has chosen to defer them in order to maximize her payments. While this may be a wise financial decision for Mariclaire, the trial court cannot ignore its effect on Robert.
 {¶ 15} Mariclaire insists that her retirement benefits were already divided by the trial court pursuant to the divorce decree. However, when deciding whether spousal support is appropriate and reasonable, R.C. §3105.18(C)(1)(d) specifically requires a trial court to consider the retirement benefits of the parties. The statute does not contemplate either party voluntarily choosing to defer payment of those benefits. Moreover, the trial court must consider "income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code." R.C. 3105.18(C)(1)(a). Therefore, while Mariclaire is entitled to elect to defer receipt of retirement income in order to maximize the amount of those eventual payments, the court cannot ignore the current availability of that income when re-evaluating a spousal support order.
 {¶ 16} For the foregoing reasons, we conclude that the trial court erred in failing to consider retirement income available to Mariclaire. Accordingly, Robert's two assignments of error are sustained, and the judgment of the trial court will be reversed and remanded for further consideration of the spousal support order.
Grady, J. and Donovan, J., concur.