[Cite as *Preseren v. Preseren*, 2011-Ohio-5181.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96431

---

## ALAN J. PRESEREN

### PLAINTIFF-APPELLANT

vs.

## CHARLAINE PRESEREN

### DEFENDANT-APPELLEE

---

### JUDGMENT:
### REVERSED AND REMANDED

---

Civil Appeal from the
Domestic Relations Division of the
Cuyahoga County Common Pleas Court
Case No. D-220198

**BEFORE:**   Blackmon, P.J., Sweeney, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**     October 6, 2011

**ATTORNEY FOR APPELLANT**

Gary W. Eisner
3241 Superior Avenue
Cleveland, Ohio 44114

**ATTORNEYS FOR APPELLEE**

Basil M. Russo
Russo, Rosalina & Co. L.P.A.
691 Richmond Road
Suite 200
Richmond Heights, Ohio 44143

Benjamin M. Cooke
Cooke & Marcis, LLP
1250 Linda Street
Suite 305
Rocky River, Ohio 44116

PATRICIA ANN BLACKMON, P.J.:

{¶ 1} Appellant Alan J. Preseren ("Alan") appeals the trial court's refusal to modify or terminate his spousal support obligation and assigns the following three errors for our review:

> **"I.   The trial court erred and abused its discretion when it denied appellant's motion to terminate and/or modify his spousal support order even though it had found appellant's income had been drastically reduced and appellee's circumstances had changed to her benefit, as said decision is against the manifest weight of the evidence, based upon insufficient evidence and is contrary to law."**

> **"II.   The trial court erred and abused its discretion in not modifying the original support order when after determining that appellant's**

**income had been drastically reduced since the order it failed to take into consideration the totality of the circumstances including appellant's inability to pay said order."**

**"III.   The trial court erred and abused its discretion when it relied upon appellant's wife's sharing of his living expenses as a factor in denying a modification of appellant's spousal support."**

**{¶ 2}**   Having reviewed the record and pertinent law, we reverse and remand the trial court's decision for proceedings consistent with this opinion.   The apposite facts follow.

## Facts

**{¶ 3}**   After being married for over 22 years, the parties were divorced on March 25, 1994.   The divorce decree ordered Alan to pay appellee Charlaine[1] spousal support in the amount of $1,224/month subject to further order of the court and until the death of either party or until the wife's remarriage or cohabitation.   Soon after the divorce,  Alan married Carol Preseren to whom he is still married.

**{¶ 4}**   For sixteen years, Alan paid Charlaine spousal support without missing a payment.   However, in 2008, Alan, who worked as a head hunter, began to suffer financially.   He was paid by commission and due to the economy, finding employment for people was difficult.   He began borrowing money from his pension and 401K in order to make ends meet.   He last received a paycheck from the head hunting agency in

---

[1]Because Alan has remarried, we will refer to the parties by their first names to prevent confusion.

October 2009. By 2010, there was no money left in his pension fund and in May 2010, he failed to make a support payment due to lack of funds. In an effort to pay the support, he took a temporary part-time job with the Census Bureau where he made approximately $2,352.50. He made several payments of support to Charlaine, but they were less than half of what was required.

{¶ 5} Along with the financial problems, in 2010 at the age of 63, Alan was diagnosed with atrial fibrillation and congestive heart failure. The doctor's determined his condition was not reversible and informed him he had approximately five years to live. He has no health insurance, but receives free treatment from the Veteran's Administration hospital. Once he reaches the age of 65, he will be required to pay $110/month for Medicare.

{¶ 6} Alan's current wife, Carol, is a retired teacher who receives approximately $4,072.04/month from her teacher's pension. She depleted her retirement funds in order to pay living expenses. Anticipating her retirement, she used the funds to pay-off credit card debt, make house repairs, purchase a car, and to pay off her mortgage, leaving an equity loan in the amount of $35,000 on the house.

{¶ 7} On May 10, 2010, Alan filed a motion to terminate or in the alternative to modify spousal support. Charlaine opposed the motion and filed a motion to show cause for Alan's failure to pay support and a motion for attorney fees. An evidentiary hearing was conducted before a magistrate on September 23, 2010.

**{¶ 8}** On November 1, 2010, the magistrate issued a decision overruling Alan's motion concluding that although Alan had suffered a "drastic reduction" in his income he was engaging in greater spending than is supported by his social security income, had spent large sums of his inheritance, and his current wife aids him with payment of his living expenses. The court denied Charlaine's motion to show cause and motion for attorney fees. Alan filed objections to the magistrate's decision denying his motion to terminate or modify support. On January 21, 2011, the trial court overruled Alan's objections and adopted the magistrate's report denying Alan's motion.[2]

## Spousal Support

**{¶ 9}** We will address Alan's assigned errors together as they concern the trial court's denial of Alan's motion to terminate or modify spousal support in light of his reduced income, and the fact the trial court considered Alan's new wife's income in determining his ability to pay support.

**{¶ 10}** Trial courts have broad discretion regarding spousal support orders; therefore, an appellate court will not disturb those orders absent an abuse of that discretion. *Reveal v. Reveal*, 154 Ohio App.3d 1132, 2003-Ohio-5335, 798 N.E.2d 1132, at ¶14, citations omitted. A trial court abuses its discretion when the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio

---

[2]In both the court's judgment entry and the magistrate's decision, the court and the magistrate both deny the "plaintiff's motion to terminate child support," however, the plaintiff was seeking to terminate spousal support. Their son is over 30 years old.

St.3d 217, 219, 450 N.E.2d 1140. Moreover, a reviewing court may not merely substitute its judgment on factual or discretionary issues for that of the trial court. *Reveal* at ¶14.

{¶ 11} In the instant case, the trial court concluded that there was a change of circumstances because it found "plaintiff's income has been drastically reduced." We agree. Due to the economy, Alan can no longer earn the salary he had previously earned as a head hunter. At the time of the divorce 16 years previously, he earned $50,000/year. His only means of income currently is the $22,392 he receives from social security. The evidence also showed that due to heart problems Alan can no longer work the hours that he had previously worked. He becomes easily fatigued and the prognosis is that his condition will not improve but will deteriorate.

{¶ 12} Once a trial court finds there is a change in circumstances, the court must then determine whether spousal support is still necessary, and if so, what amount is reasonable. *Calabrese v. Calabrese*, Cuyahoga App. No. 88520, 2007-Ohio-2760; *Carnahan v. Carnahan* (1998), 118 Ohio App.3d 393, 398, 692 N.E. 2d 1086. In the instant case, there is no doubt that Charlaine is still in need of spousal support. She has never held a job due to her having fibermyalgia. She also suffers from anxiety and depression. She receives food stamps and assistance from social programs for her health problems. Charlaine appears to be unable to pay her credit card debt due to a default judgment that was entered against her in favor of Citibank in the amount of $13,000.

Thus, the issue is what amount of spousal support is reasonable under these circumstances where both parties are financially suffering.

{¶ 13} In deciding whether the amount of spousal support is "appropriate and reasonable," the trial court must consider the factors listed in R.C. 3105.18(C)(1). Id. The factors the trial court must consider include each party's income, earning capacities, age, retirement benefits, education, assets and liabilities, and physical, mental and emotional condition; the duration of the marriage; their standard of living; inability to seek employment outside the home; contributions during the marriage; tax consequences; and lost income due to a party's fulfillment of marital responsibilities. R.C. 3105.18(C)(1)(a)-(m). In addition, the trial court is free to consider any other factor that the court finds to be "relevant and equitable." R.C. 3105.18(C)(1)(n).

{¶ 14} Although the trial court is not required to comment on each factor individually unless there is a request for findings of fact and conclusions of law, the trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable, and in accordance with the law. *Kaechele v. Kaechele* (1988), 35 Ohio St.3d 93, 97, 518 N.E.2d 1197.

{¶ 15} Here, after finding that Alan's salary had been drastically reduced, the trial court concluded that the spousal support amount should not be terminated or modified based on the fact that 1) Alan's spending indicated greater spending than his social security income would support, 2) Alan had inherited large sums of money that he claims

he spent, and 3) his current spouse earns an income that allows her to pay $2,880/month towards the living expenses.

{¶ 16} We conclude the trial court did not abuse its discretion in considering the availability of Carol's income in aiding Alan in paying his living expenses. While a new spouse's income cannot be considered in determining an obligor's ability to pay spousal support, the court may consider the fact that the obligor directly benefits from sharing living expenses with his new wife. *Feldman v. Feldman*, Cuyahoga App. No. 92015, 2009-Ohio-4202; *Manzella v. Manzella*, 12th Dist. No. 20618, 2005-Ohio-4519, ¶12, citing *McNutt v. McNutt,* 12th Dist. No. 20752, 2005-Ohio-3752.

{¶ 17} However, due to Alan's drastic change in income, we conclude the trial court erred by not at least modifying his spousal support obligation. The court concluded that Alan had $4,229 in monthly expenses and that his current spouse assists in paying $2,888 of that amount. This leaves a balance of $1,349 in monthly expenses for which he is responsible. His current salary is limited to social security payments in the gross amount of $1,866, which leaves him approximately $517 per month after he pays his expenses. This is not enough to pay his spousal support obligation in the amount of $1,224 per month. There is no evidence that he has any assets beyond the 2004 Toyota he owns that has over 123,000 miles on it. Under these circumstances, when there is not even a possibility that Alan may again earn an income allowing him to pay his $1,224/month support obligation, the trial court abused its discretion in denying Alan's

motion. Moreover, at the time of the divorce, Charlaine was not earning any income; at least now she is receiving $820 per month in social security.

{¶ 18} Although the trial court concluded it was Alan's spending habits that depleted his retirement pensions and inheritances, his current spending habits do not appear to be extravagant. The inheritances he received were several years prior to his financial problems. He inherited approximately $56,944 from his aunt in 2000. In 2004, almost six years prior to the hearing, he inherited $195,982 from his cousin. The evidence indicated that some of this money was used to pay for his own debts and that of his adult son. Although Alan had purchased a motorcycle with his inheritance money, he later sold the motorcycle in order to pay for living expenses. At the time he inherited the money, he also bought himself a new car, that he still owns seven years later, and gave Charlaine his old car because she was in need of a car. Also, the evidence indicated that the depletion of his retirement pension went towards paying spousal support.

{¶ 19} Notably, at the time he was allegedly engaging in this extravagant spending, he was timely with his spousal support. In fact, although he had recently accrued an arrearage in the months prior to the hearing, he borrowed money from Carol to pay the arrearage so that at the time of the hearing he was not delinquent in his support payments.

{¶ 20} We acknowledge that modifying the spousal support will be detrimental to Charlaine's economic future as she is in dire need of financial assistance; however, it is of no aid to her to order Alan to pay money that he does not have, nor does it appear he will ever have. Accordingly, Alan's three assigned errors are sustained.

Judgment reversed and remanded for proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
PATRICIA ANN BLACKMON, PRESIDING JUDGE

JAMES J. SWEENEY, J., and
EILEEN A. GALLAGHER, J., CONCUR